## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRCIT OF FLORIDA

### CASE NO.

**ELIE NEHME,**

      **Plaintiff,**

**vs.**

**FLORIDA INTERNATIONAL UNIVERSITY
BOARD OF  TRUSTEES,**

      **Defendant.**

_____/

### COMPLAINT AND JURY TRIAL DEMAND

Plaintiff ELIE NEHME, through undersigned counsel, sues Defendant FLORIDA

INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES, and alleges as follows:

1.      This is an action for unlawful disability discrimination and retaliation in

violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794

("Rehabilitation Act") and Title II of the Americans with Disabilities Act ("ADA"), 42

U.S.C. §12132, as amended by the Americans with Disabilities Amendments Act

("ADAAA"); and their implementing federal and state regulations.   In this action,

Plaintiff has suffered, and continues to suffer, damages, and is seeking both declaratory

and injunctive relief in addition to compensatory damages for intentional discrimination.

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331

(federal question) and the provisions of the Rehabilitation Act and the ADA.

3.      Venue is proper in this Court because all actions and claims asserted herein occurred within Miami-Dade County, Florida, which is in the Southern District of Florida.

4.      Plaintiff is, and at all relevant times has been, a resident of Palm Beach County, Florida, and is *sui juris*.

5.      At all relevant times Plaintiff has been medically diagnosed with and suffers from Attention Deficit/Hyperactivity Disorder ("ADHD") and anxiety disorder, permanent medical conditions and impairments that substantially limited, and continue to limit, Plaintiff in, among other things, the major life activities of mental concentration, control over his thoughts, clear thinking, memory recall, and learning.  Plaintiff thus, at all relevant times, was a qualified individual with a disability under all relevant statutes defining "disability", including the Rehabilitation Act, the ADA, and the ADAAA.

5.      Defendant is, and at all relevant times was, a Florida state public university operating in Miami-Dade County that operated, and continues to operate, a medical school under the name the "Herbert Wertheim College of Medicine" ("HWCOM") at which Plaintiff had been enrolled as a medical student.  At all relevant times Defendant was and is considered a public entity under 42 U.S.C. §12131 of the ADA and was and continues to be the recipient of federal funds and assistance.

6.      From on or about July 28, 2017, until his involuntary administrative dismissal by Defendant on October 16, 2020, Plaintiff was enrolled as a medical student in Defendant's HWCOM.   At the time of the discriminatory events alleged herein, Plaintiff was enrolled a third-year medical student in the HWCOM.

7.      Because of difficulties Plaintiff was encountering while attending his classes and performing his coursework at the HWCOM due to his illnesses, Plaintiff in 2017 proactively sought assistance from the HWCOM's Director of the Medical Student Counseling and Wellness Center, Dr. Nathaly Desmerais, and was subjected to testing and evaluation by Defendant.  As a result of this testing and evaluation, Defendant determined that Plaintiff suffered from a qualifying disability --  his ADHD and anxiety disorder -- and would require reasonable accommodations to successfully perform and complete his coursework and courses at the HWCOM.   Specifically, Defendant's Disability Resource Center ("DRC") agreed on July 28, 2017, that Plaintiff should be given the following reasonable accommodations when taking tests and exams:  (1) 50% extra time to take his exams; and (2) provision of a "minimal distraction room" for him to take his tests and exams.  As to the latter, a "minimal distraction room" was one that had no windows and provided no outside noise and distractions to the test taker within.

8.      Subsequent to being granted these testing accommodations by Defendant's DRC, Plaintiff at times would be provided with the approved accommodations for his testing and exams while at other times, and without reason, he would not be provided the approved accommodations. Specifically, Plaintiff was often not provided the necessary reasonable accommodations of both the extra test taking time and the minimal distraction room when taking in-class quizzes, which the HWCOM also referred to interchangeably as "readiness assignments".  These in-class quizzes, or "readiness assignments", would be graded and be a part of a student's overall grading for a course.  When Plaintiff was provided the accommodations for these in-class quizzes (a/k/a "readiness assignments"), he would perform well and would pass the quizzes with high grades.  However, when he

was denied the accommodations, which occurred often, he would not perform as well and, although he would pass the quizzes, would pass them with significantly lower scores that negatively affected his overall final grades.

9.      In January 2018, because of his poor health and an illness he was suffering from, which had been exacerbated by stress in attending medical school, Plaintiff failed his Systems Based Practice course.  To allow himself to recover for his poor health condition, Plaintiff petitioned the HWCOM's Medical Student Evaluation and Promotion Committee ("MSEPC") -- the HWCOM committee that evaluates all aspects of each medical student's performance for the purposes of promotion and graduation -- to take a voluntary medical leave of absence from the school from January 18 through April 2, 2018, and to be remediated for his course failure by being allowed to repeat his second year of medical school.  The MSEPC granted Plaintiff the requested medical leave of absence and, by decision made on March 8,2018, granted Plaintiff's request to repeat his second year of medical school.

10.     Plaintiff returned to the HWCOM on April 2, 2018, following his approved leave of absence, and successfully completed his second year of medical school.  However, despite the completion of his second year of medical school, Plaintiff continued to be denied, without justification, his approved reasonable accommodations for testing when taking the in-class quizzes (a/k/a "readiness assignments"), which resulted in Plaintiff continuing to secure lower, albeit passing, test scores that negatively impacted his course grades.

11.     On February 17, 2020, Plaintiff took and failed the Psychiatry Subject Shelf Exam, the final exam Plaintiff required to successfully complete his required

4

Psychiatry Clerkship.  Per HWCOM policy, applicable to all students, Plaintiff was permitted to retake the Psychiatry Subject Shelf Exam on March 3, 2020.

12.     On March 3, 2020, Plaintiff retook his Psychiatry Subject Shelf Exam; however, contrary to his previously approved reasonable accommodation of being allowed to take his exams, and in particular his final exams, in a minimal distraction room – i.e., a specially designated room with no windows and no outside noise or distractions to interfere with the student's focus and concentration – Plaintiff was knowingly, and with deliberate indifference to Plaintiff's disability and his special exam-taking needs and accommodations, assigned by Defendant's responsible administrators and management to a room that had substantial distractions, including having windows and being located next to other crowded rooms and offices from which numerous people would regularly enter and exit, causing considerable noises and distractions.  Although Plaintiff was overseen during the exam by an assigned proctor -- one of Defendant's administrators who had knowledge of Plaintiff's disability and his required accommodations -- the proctor, who was fully aware of the substantial ongoing distractions, failed to take any steps whatsoever to remediate the situation by halting the exam or by requesting that Plaintiff be reassigned to actual minimal distraction room to take the exam.  As a result of Defendant's knowing, intentional, and deliberately indifferent failure to provide Plaintiff with the approved accommodation of a minimal distraction room to retake the Psychiatry Subject Shelf Exam, and because of the substantial noise and distractions that Plaintiff was thus exposed to, Plaintiff failed the Exam and failed the required Psychiatry Clerkship.

13.     As a direct and proximate result of failing the Psychiatry Clerkship, Plaintiff was called into a hearing before the MSEPC on April 9, 2020 to determine his future as a medical student with the HWCOM.  During the hearing, which was chaired by a Dr. Helen Tempest (who was filling in for the originally intended chair, Dr. Roldan), although the ostensible purpose of the hearing was to address Plaintiff's failure to pass the Psychiatry Subject Shelf Exam and the Psychiatry Clerkship, Plaintiff not only was confronted by his failure to pass the exam and clerkship, but also was confronted both with various old academic issues that predated his earlier approved medical leave of absence and with a Professional Incident Report ("PIR") that Dr. Vivian Obeso had prepared and which contained numerous false and inaccurate accusations.  Indeed, although the PIR had been signed by Dr. Obeso, the false accusations contained therein were in fact false accusations of improper and unprofessional conduct that had been made against Plaintiff by Dr. Tempest, the chair of the MSEPC who was deciding Plaintiff's fate with the HWCOM.  As a result of the MSEPC hearing, the MSEPC issued a recommendation that Plaintiff either voluntarily withdraw from the medical school or be involuntarily withdrawn.  A copy of the MSEPC's April 16, 2020, recommendation is attached as Exhibit "A".

14.     Per HWCOM policies, Plaintiff appealed the MSEPC's adverse decision to have him removed from the medical school first to the school's Dean and, when the Dean upheld the MSEPC's recommendation by decision dated May 8, 2020, to Defendant's Office of the Provost for final decision.

15.     On May 13, 2020, Plaintiff lodged an internal complaint of disability discrimination and retaliation with Defendant's Office of Inclusion, Diversity, Equity &

Access ("IDEA").  In this internal complaint, Plaintiff alleged disability discrimination in Defendant's and the HWCOM's repeated and damaging failure to provide him with his approved reasonable accommodations in the taking of his in-class quizzes and in his retaking of the Psychiatry Subject Shelf Examination, which had lead to his failing the Psychiatry Clerkship.  Plaintiff also claimed that he had been subject to retaliation by being requested to take a random drug test.  A thorough investigation into Plaintiff's complaint was thereafter undertaken by Shirlyon J. McWhorter, the IDEA's Director and Title IX Coordinator.  The result of Ms. McWhorter's investigation was a finding that the HWCOM's repeated failure to provide Plaintiff with the approved reasonable accommodations for his in-class quizzes and tests and the retaking of the Psychiatry Subject Shelf Examination were substantiated.  A complete copy of Ms. McWhorter's amended final investigative report with her findings in Plaintiff's favor on his disability discrimination claims is attached as Exhibit "B".  Significantly, shortly after she submitted her investigative report and findings in Plaintiff's favor, which, in its original format also acknowledged that Defendant had a history of not providing its disabled medical students with approved reasonable accommodations in connection with testing, Ms. McWhorter was terminated from her employment with Defendant.

16.     Ms. McWhorter's favorable findings as to Plaintiff's internal complaint of disability discrimination and HWCOM's blatant failure to provide Plaintiff with his approved reasonable accommodations were subsequently reported to Defendant's Office of the Provost.  Notwithstanding these findings in Plaintiff's favor, the Office of the Provost, in a letter to Plaintiff dated September 30, 2020, from Elizabeth Bejar, Defendant's Senior Vice President for Academic and Student Affairs, a copy of which is

attached as Exhibit "C", upheld the HWCOM's Dean's decision to dismiss Plaintiff from the medical school. Significantly in her decision, although she acknowledged receipt of Ms. McWhorter's investigative report and findings, Ms. Bejar still reached the patently false and inexplicable conclusion that there was "no indication" that Plaintiff's substantiated discrimination allegations "had an adverse impact on [Plaintiff's] academic performance."

17.     As a result of Defendant's Office of the Provost's final decision, Plaintiff was involuntarily dismissed from the HWCOM, thereby terminating any and all plans and hopes he had for a medical career.

18.     As a result of his involuntary dismissal from the HWCOM, Plaintiff has suffered, and will continue to suffer into the future, considerable monetary damages, including but not limited to the lost monies invested in his medical school education with the HWCOM, the principal and interest that he will have to repay on any loans taken to attend the HWCOM, and the lost future income he would have been expected to earn as a physician had he not been dismissed and had been able to graduate from the HWCOM.

19.     Plaintiff's harm and damages from Defendant's discriminatory actions as alleged hereabove are imminent and continuing, and, if allowed to continue and accumulate without appropriate injunctive relief in the form of reinstatement of Plaintiff back into the HWCOM to complete his medical studies, irreparable.

20.     All conditions precedent to the filing and maintaining of this lawsuit have been satisfied or otherwise waived.

21.     Plaintiff has hired the undersigned law firm and attorney to represent him in this case and has agreed to pay them a reasonable fee for their services.

**COUNT I – UNLAWFUL DISABILITY DISCRIMINATION/FAILURE TO
PROVIDE REASONABLE ACCOMMODATIONS
(VIOLATION OF TITLE II OF THE ADA)**

22.     Plaintiff re-alleges paragraphs 1 through 21 as if set forth fully herein.

23.     Defendant and its HWCOM has, and currently is, providing educational services to the general public and has been receiving, and continues to receive, federal financial assistance.  Defendant therefore is a "public entity" within the meaning of the ADA, 42 U.S.C. §12131, *et seq.*

24.     Plaintiff at all relevant times suffered from a qualifying disability under the ADA that substantially limited him in the performance of one or more major life activities.

25.     While he was a medical student with Defendant, Plaintiff requested and received from Defendant, through its DRC, reasonable accommodations for his disability to allow him to perform well and pass his medical school tests and exams.  Specifically, Plaintiff was approved for, and was to be provided, the following reasonable accommodations:  (1) 50% extra time to take his exams; and (2) provision of a minimal distraction room for him to take his tests and exams.

26.     Plaintiff was deliberately denied and refused his approved reasonable accommodations for his tests and exams, without legitimate excuse or correction, as more fully alleged hereinabove.

27.     Defendant and its HWCOM deliberately discriminated against Plaintiff on the basis of his disability in violation of the ADA by denying him his approved reasonable accommodations for taking his tests and exams, including his crucial Psychiatry Subject Shelf Exam, the failure of which directly resulted in Plaintiff failing

the Psychiatry Clerkship and being involuntarily dismissed from the medical school. Indeed, had Plaintiff been provided the approved reasonable accommodation of a minimum distraction room to retake his Psychiatry Subject Shelf Exam, he would have passed the Exam, would have passed the Psychiatry Clerkship, would not have been called for a hearing before the MSEPC, and would not have been involuntarily dismissed from the HWCOM.

28.     Defendant's disability discrimination was intentional and in deliberate indifference to and disregard for Plaintiff's rights under the ADA, thus entitling Plaintiff to recover compensatory damages from Defendant.  In this regard, as a direct and proximate result of the Defendant's intentional disability discrimination against Plaintiff in denying him his approved reasonable accommodations for test and exam taking, Plaintiff has suffered in the past, and will continue to suffer into the future, monetary damages and losses in the form of monies he invested in and paid to Defendant for his medical education, the principal and interest on his student loans to fund his medical school education, and, if he is not reinstated and allowed to complete his medical school education at the HWCOM, his lost future earnings as a physician.  In addition, Plaintiff has suffered in the past, and will continue to suffer into the future, emotional distress, mental pain and anguish, humiliation, the exacerbation of pre-existing mental and medical conditions, and loss of dignity.

29.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, imminent and irreparable injury in not being allowed to continue with and complete his medical school education with the HWCOM and fulfill his ambition of becoming a physician.

30.     As Plaintiff lacks an adequate and complete remedy at law for Defendant's past and ongoing actions as described hereinabove, Plaintiff is entitled to declaratory and injunctive relief requiring his reinstatement into the HWCOM to complete his medical studies.

31.     Plaintiff is entitled to recover his reasonable attorney's fees and costs incurred in bringing and maintaining this action as provided by the ADA, 42 U.S.C. §12205.

WHERFORE, Plaintiff demands judgment against Defendant for the following relief:

A.     A declaration that Defendant's conduct constitutes unlawful disability discrimination in the intentional and deliberately indifferent denial of reasonable accommodations in violation of Title II of the ADA;

B.     An permanent injunction reinstating Plaintiff into his third year of medical school with the HWCOM, and if reinstatement is unfeasible, an award to Plaintiff of his projected lost future earnings as a physician;

C.     An award to Plaintiff of all his compensatory damages, including damages for all out-of-pocket losses and expenses incurred in attending medical school at the HWCOM until his dismissal, as well as for his emotional distress, mental pain and anguish, humiliation, exacerbation of pre-existing medical and mental issues, and loss of dignity;

D.     An award to Plaintiff of his costs and reasonable attorney's fees;

E.     An award to Plaintiff for any adverse tax consequences from any awarded and paid monetary damages hereunder; and

F.     Such further relief as the Court deems just and proper.

## <u>COUNT II - UNLAWFUL DISABILITY DISCRIMINATION/FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS (VIOLATION OF REHABILITATION ACT)</u>

32.     Plaintiff re-alleges paragraphs 1 through 21, 25 through 26, and 29 through 30 as if set forth fully herein.

33.     Defendant and its HWCOM has and currently is providing educational services to the general public and has and currently is receiving federal financial assistance.  Defendant thus is a covered entity under the Rehabilitation Act.

34.     Plaintiff at all relevant times suffered from a qualifying disability under the Rehabilitation Act that substantially limited him in the performance of one or more major life activities.

35.     Defendant and its HWCOM deliberately discriminated against Plaintiff on the basis of his disability in violation of the Rehabilitation Act by denying him his approved reasonable accommodations on his tests and exams, including his crucial Psychiatry Subject Shelf Exam, which directly resulted in Plaintiff's medical school performance suffering and in Plaintiff being involuntarily dismissed from the school.

36.     Defendant's disability discrimination was intentional and in deliberate indifference to and disregard for Plaintiff's rights under the Rehabilitation Act, thus entitling Plaintiff to recover his actual and compensatory damages from Defendant.  In this regard, as a direct and proximate result of the Defendant's disability discrimination against Plaintiff in denying him his approved reasonable accommodations for test and exam taking, Plaintiff has suffered in the past, and will continue to suffer into the future, monetary damages and losses in the form of monies he invested in and paid to Defendant for his medical education, the principal and interest on his student loans to fund his

medical school education, and, if he is not reinstated and allowed to complete his medical school education at the HWCOM, his lost future earnings as a physician.  In addition, Plaintiff has suffered in the past, and will continue to suffer into the future, emotional distress, mental pain and anguish, humiliation, the exacerbation of pre-existing mental and medical conditions, and loss of dignity.

37.    Plaintiff is entitled to recover his reasonable attorney's fees and costs incurred in bringing and maintaining this action as provided by the Rehabilitation Act.

WHERFORE, Plaintiff demands judgment against Defendant for the following relief:

A.    A declaration that Defendant's conduct constitutes unlawful disability discrimination in the intentional and deliberately indifferent denial of reasonable accommodations in violation of the Rehabilitation Act;

B.    An injunction reinstating Plaintiff into his third year of medical school with the HWCOM, and if reinstatement is unfeasible, an award to Plaintiff of his projected lost future earnings as a physician;

C.    An award to Plaintiff of all his compensatory damages, including damages for all out-of-pocket losses and expenses incurred in attending medical school at the HWCOM until his dismissal, as well as for his emotional distress, mental pain and anguish, humiliation, exacerbation of pre-existing medical and mental issues, and loss of dignity;

D.    An award to Plaintiff of his costs and reasonable attorney's fees;

E.    An award to Plaintiff for any adverse tax consequences from any awarded and paid damages hereunder; and

F.    Such further relief as the Court deems just and proper.

## COUNT III – UNLAWFUL DISABILITY DISCRIMINATION/
## WRONGFUL DISMISSAL
## (VIOLATION OF TITLE II OF THE ADA)

38.     Plaintiff re-alleges paragraphs 1 through 21, 23 through 26, and 29 through 31 and as if set forth fully herein.

39.     Defendant and its HWCOM deliberately discriminated against Plaintiff on the basis of his disability in violation of the ADA by involuntarily dismissing him from the HWCOM based on his failure to pass the crucial Psychiatry Subject Shelf Exam,  a failure that resulted exclusively from the HWCOM's not affording Plaintiff the approved reasonable accommodation of a minimum distraction room to retake the exam. Specifically, if Plaintiff had been given the approved reasonable accommodation of a minimum distraction room to retake the Psychiatry Subject Shelf Exam, he would have passed the Exam and the Psychiatry Clerkship, he would not have been called before the MSEPC, and he would not have been involuntarily dismissed from the HWCOM.

40.     Defendant's disability discrimination was intentional and in deliberate indifference to and disregard for Plaintiff's rights under the ADA, thus entitling Plaintiff to recover compensatory damages from Defendant.  In this regard, as a direct and proximate result of the Defendant's disability discrimination against Plaintiff in involuntarily dismissing him from the HWCOM without lawful justification and because of his disability, Plaintiff has suffered in the past, and will continue to suffer into the future, monetary damages and losses in the form of monies he invested in and paid to Defendant for his medical education, the principal and interest on his student loans to fund his medical school education, and, if he is not reinstated and allowed to complete his medical school education at the HWCOM, his lost future earnings as a physician.  In

addition, Plaintiff has suffered in the past, and will continue to suffer into the future, emotional distress, mental pain and anguish, humiliation, the exacerbation of pre-existing mental and medical conditions, and loss of dignity.

WHERFORE, Plaintiff demands judgment against Defendant for the following relief:

A.      A declaration that Defendant's conduct constitutes unlawful disability discrimination in the intentional and deliberately indifferent involuntary dismissal of Plaintiff from the HWCOM in violation of Title II of the ADA;

B.      An injunction reinstating Plaintiff into his third year of medical school with the HWCOM, and if reinstatement is unfeasible, an award to Plaintiff of his projected lost future earnings as a physician;

C.      An award to Plaintiff of all his compensatory damages, including damages for all out-of-pocket losses and expenses incurred in attending medical school at the HWCOM until his dismissal, as well as for his emotional distress, mental pain and anguish, humiliation, exacerbation of pre-existing medical and mental issues, and loss of dignity;

D.      An award to Plaintiff of his costs and reasonable attorney's fees;

E.      An award to Plaintiff for any adverse tax consequences from any awarded and paid damages hereunder; and

F.      Such further relief as the Court deems just and proper.

### <u>COUNT IV – UNLAWFUL DISABILITY DISCRIMINATION/</u><br><u>WRONGFUL DISMISSAL</u><br><u>(VIOLATION OF REHABILITATION ACT)</u>

41.     Plaintiff re-alleges paragraphs 1 through 21, 33 through 34, and 37 and as if set forth fully herein.

42.     Defendant and its HWCOM deliberately discriminated against Plaintiff on the basis of his disability in violation of the Rehabilitation Act by involuntarily dismissing him from the HWCOM based on his failure to pass the crucial Psychiatry Subject Shelf Exam, a failure that resulted exclusively from the HWCOM's not affording Plaintiff the approved reasonable accommodation of a minimum distraction room. Specifically, if Plaintiff had been given the approved reasonable accommodation of a minimum distraction room to retake the Psychiatry Subject Shelf Exam, he would have passed the Exam and the Psychiatry Clerkship, he would not have been called before the MSEPC, and he would not have been involuntarily dismissed from the HWCOM.

43.     Defendant's disability discrimination was intentional and in deliberate indifference to and disregard for Plaintiff's rights under the Rehabilitation Act, thus entitling Plaintiff to recover his actual and compensatory damages from Defendant.  In this regard, as a direct and proximate result of the Defendant's disability discrimination against Plaintiff in involuntarily dismissing him from the HWCOM without lawful justification, Plaintiff has suffered in the past, and will continue to suffer into the future, monetary damages and losses in the form of monies he invested in and paid to Defendant for his medical education, the principal and interest on his student loans to fund his medical school education, and, if he is not reinstated and allowed to complete his medical school education at the HWCOM, his lost future earnings as a physician.  In addition, Plaintiff has suffered in the past, and will continue to suffer into the future, emotional distress, mental pain and anguish, humiliation, the exacerbation of pre-existing mental and medical conditions, and loss of dignity.

WHERFORE, Plaintiff demands judgment against Defendant for the following relief:

A.      A declaration that Defendant's conduct constitutes unlawful disability discrimination in the intentional and deliberately indifferent involuntary dismissal of Plaintiff from the HWCOM in violation of the Rehabilitation Act;

B.      An injunction reinstating Plaintiff into his third year of medical school with the HWCOM, and if reinstatement is unfeasible, an award to Plaintiff of his projected lost future earnings as a physician;

C.      An award to Plaintiff of all his compensatory damages, including damages for all out-of-pocket losses and expenses incurred in attending medical school at the HWCOM until his dismissal, as well as for his emotional distress, mental pain and anguish, humiliation, exacerbation of pre-existing medical and mental issues, and loss of dignity;

D.      An award to Plaintiff of his costs and reasonable attorney's fees;

E.      An award to Plaintiff for any adverse tax consequences from any awarded and paid damages hereunder; and

F.      Such further relief as the Court deems just and proper.

## COUNT V – UNLAWFUL RETALIATION
## (VIOLATION OF THE ADA)

44.     Plaintiff re-alleges paragraphs 1 through 21, 23 through 24, and 29 through 31 and as if set forth fully herein.

45.     The ADA at 42 U.S.C. §12203(a) specifically prohibits retaliation against any person covered by the ADA "because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified,

assisted, or participated in any manner in an investigation, proceeding, or h earing under this chapter".

46.     Plaintiff engaged in protective activity under the ADA when he internally complained about disability discrimination and retaliation against him with Defendant's IDEA, and subsequently participate in the IDEA's investigation of his complaint.

47.     Notwithstanding that it had full knowledge of Plaintiff's protected activity under the ADA, as well as knowledge that Plaintiff's disability discrimination claims were fully substantiated and had negatively impacted his academic performance in his failing the Psychiatry Clerkship, Defendant, through its Office of the Provost, deliberately ignored the IDEA's findings and upheld Plaintiff's involuntarily dismissal from the HWCOM on the patently false claim that Defendant's disability discrimination against Plaintiff did not have an adverse impact on his academic performance.

48.     Defendant's decision to uphold Plaintiff's involuntary dismissal from the HWCOM was solely because of his substantiated disability discrimination claims and his protected activity under the ADA, which constitutes unlawful retaliation in violation of the ADA.

49.     Defendant's retaliatory dismissal of Plaintiff from the HWCOM was intentional and in deliberate indifference to and disregard for Plaintiff's rights under the ADA, thus entitling Plaintiff to recover compensatory damages from Defendant.  In this regard, as a direct and proximate result of the Defendant's retaliation, Plaintiff has suffered in the past, and will continue to suffer into the future, monetary damages and losses in the form of monies he invested in and paid to Defendant for his medical education, the principal and interest on his student loans to fund his medical school

education, and, if he is not reinstated and allowed to complete his medical school education at the HWCOM, his lost future earnings as a physician.  In addition, Plaintiff has suffered in the past, and will continue to suffer into the future, emotional distress, mental pain and anguish, humiliation, the exacerbation of pre-existing mental and medical conditions, and loss of dignity.

WHEREFORE, Plaintiff demands judgment against Defendant for the following relief:

A.      A declaration that Defendant's conduct constitutes unlawful retaliation in violation of Title II of the ADA;

B.      An injunction reinstating Plaintiff into his third year of medical school with the HWCOM, and if reinstatement is unfeasible, an award to Plaintiff of his projected lost future earnings as a physician;

C.      An award to Plaintiff of all his compensatory damages, including damages for all out-of-pocket losses and expenses incurred in attending medical school at the HWCOM until his dismissal, as well as for his emotional distress, mental pain and anguish, humiliation, exacerbation of pre-existing medical and mental issues, and loss of dignity;

D.      An award to Plaintiff of his costs and reasonable attorney's fees;

E.      An award to Plaintiff for any adverse tax consequences from any awarded and paid damages hereunder; and

F.      Such further relief as the Court deems just and proper.

### COUNT VI – UNLAWFUL RETALIATION
### (VIOLATION OF REHABILITATION ACT)

50.     Plaintiff re-alleges paragraphs 1 through 21, 33 through 34, and 37 and as if set forth fully herein.

51.     The Rehabilitation Act (which specifically incorporates the anti-retaliation provisions of Title VI of the Civil Rights Act of 1964) prohibits retaliation against any person covered by the Rehabilitation Act for the exercise of his rights under the Rehabilitation Act.

52.     Plaintiff engaged in protective activity under the Rehabilitation Act when he internally complained about disability discrimination and retaliation against him with Defendant's IDEA.

53.     Notwithstanding that it had full knowledge of Plaintiff's protected activity under the Rehabilitation Act, as well as knowledge that Plaintiff's disability discrimination claims were substantiated and had negatively impacted his academic performance in his failing the Psychiatry Clerkship, Defendant, through its Office of the Provost, deliberately upheld Plaintiff's involuntary dismissal from the HWCOM on the patently false claim that Plaintiff's disability discrimination did not have an adverse impact on his academic performance.

54.     Defendant's decision to uphold Plaintiff's involuntary dismissal from the HWCOM was because of his substantiated disability discrimination complaint and claims and thus his protected activity under the Rehabilitation Act, which constitutes unlawful retaliation in violation of the Rehabilitation Act.

55.     Defendant's retaliatory dismissal of Plaintiff from the HWCOM was intentional and in deliberate indifference to and disregard for Plaintiff's rights under the Rehabilitation Act, thus entitling Plaintiff to recover his actual and compensatory damages from Defendant.   In this regard, as a direct and proximate result of the Defendant's retaliation, Plaintiff has suffered in the past, and will continue to suffer into

the future, monetary damages and losses in the form of monies he invested in and paid to Defendant for his medical education, the principal and interest on his student loans to fund his medical school education, and, if he is not reinstated and allowed to complete his medical school education at the HWCOM, his lost future earnings as a physician.  In addition, Plaintiff has suffered in the past, and will continue to suffer into the future, emotional distress, mental pain and anguish, humiliation, the exacerbation of pre-existing mental and medical conditions, and loss of dignity.

WHERFORE, Plaintiff demands judgment against Defendant for the following relief:

A.      A declaration that Defendant's conduct constitutes unlawful retaliation in violation of the Rehabilitation Act;

B.      An injunction reinstating Plaintiff into his third year of medical school with the HWCOM, and if reinstatement is unfeasible, an award to Plaintiff of his projected lost future earnings as a physician;

C.      An award to Plaintiff of all his compensatory damages, including damages for all out-of-pocket losses and expenses incurred in attending medical school at the HWCOM until his dismissal, as well as for his emotional distress, mental pain and anguish, humiliation, exacerbation of pre-existing medical and mental issues, and loss of dignity;

D.      An award to Plaintiff of his costs and reasonable attorney's fees;

E.      An award to Plaintiff for any adverse tax consequences from any awarded and paid damages hereunder; and

F.      Such further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues so triable.

DATED:  November 12, 2020.

> **RODERICK V. HANNAH, ESQ., P.A.**
> Counsel for Plaintiff
> 4800 N. Hiatus Road
> Sunrise, FL 33351
> Telephone:  954/362-3800
> Facsimile:  954/613-5902
> Email:  rhannah@rhannahlaw.com
>
>
> By *s/ Roderick V. Hannah*
>     RODERICK V. HANNAH
>     Fla. Bar No. 435384