UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-24649-CIV-CANNON/Otazo-Reyes

**ELIE NEHME**,

 Plaintiff,
v.

**FLORIDA INTERNATIONAL
UNIVERSITY BOARD OF TRUSTEES**,

 Defendant.
                /

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS
COUNT 2 OF PLAINTIFF'S AMENDED COMPLAINT**

 **THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss Count 2 of Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 20]. The Court has reviewed the Motion, Plaintiff's Response in Opposition [ECF No. 30], and Defendant's Reply in Support of its Motion [ECF No. 36]. The Court also held a hearing on the Motion [ECF No. 40]. For the following reasons, Defendant's Motion to Dismiss Count 2 of Plaintiff's Amended Complaint is **DENIED**.

 **I.** **Background**

 The following facts are taken from Plaintiff's Amended Complaint [ECF No. 12] and its incorporated attachments: Exhibit A (Medical Student Evaluation and Promotion Committee Memorandum dated April 16, 2020) [ECF No. 12-1], and Exhibit B (Provost Response to Appeal dated September 30, 20) [ECF No. 12-2].

 Plaintiff Elie Nehme was enrolled as a medical student at Florida International University's Herbert Wertheim College of Medicine ("HWCOM") from July 28, 2017, until his involuntary

administrative dismissal on October 16, 2020 [ECF No. 12 ¶ 6]. Plaintiff was diagnosed with ADHD and anxiety and required reasonable accommodations to complete his coursework [ECF No. 12 ¶ 7]. Accordingly, HWCOM's Disability Resource Center approved the following accommodations for Plaintiff: "(1) 50 percent extra time to take his exams; and (2) provision of a 'minimal distraction room' for him to take his tests and exams" [ECF No. 12 ¶ 7]. Plaintiff alleges that despite being granted these accommodations, HWCOM inconsistently provided extra time or minimal distraction rooms for in-class quizzes, which caused him to pass with lower than normal scores [ECF No. 12 ¶ 8].

In January 2018, after Plaintiff failed his Systems Based Practice course, the Medical Student Evaluation and Promotion Committee ("MSEPC") approved him to take a voluntary medical leave of absence and then repeat his second year of medical school [ECF No. 12 ¶10]. In April 2018, following his voluntary leave, Plaintiff returned "and successfully completed his second year of medical school" [ECF No. 12 ¶ 11]. Plaintiff alleges that upon his return he continued to be denied accommodations for in-class quizzes, thus negatively impacting his academic performance [ECF No. 12 ¶ 11].

In his third year of medical school, Plaintiff took and failed the Psychiatry Subject Shelf Exam, a requirement to pass the Psychiatry course [ECF No. 12 ¶ 12]. Plaintiff retook the exam on March 23, 2020, but instead of being provided with a minimal distraction room, he was assigned to an exam room overlooking a hallway where "numerous people would regularly and noisily enter and exit, causing considerable noise and distractions" [ECF No. 12 ¶ 13]. Plaintiff alleges that these distractions "caused him to continuously lose his concentration" and fail the retake exam [ECF No. 12 ¶ 13].

CASE NO. 20-24649-CIV-CANNON/Otazo-Reyes

On April 9, 2020, after Plaintiff failed the psychiatry retake exam, he was called into a hearing with MSEPC to discuss his history of academic failures and his future as a student at the medical school [ECF No. 12 ¶ 14]. As a result of the hearing, MSEPC recommended on April 16, 2020, that Plaintiff either voluntarily withdraw from the medical school or be involuntarily withdrawn [ECF No. 12 ¶ 14; ECF No. 12-1, p. 5]. Plaintiff appealed the decision and lodged an internal complaint with Defendant's Office of Inclusion, Diversity, Equity & Access ("IDEA"). On September 14, 2020, the IDEA office found that HWCOM failed to provide Plaintiff with reasonable accommodations, including for the Psychiatry Subject Shelf Exam [ECF No. 12 ¶ 15; ECF No. 12-2]. Upon review of the report prepared by MSEPC, Defendant's Senior Vice President for Academic and Student Affairs upheld the decision to dismiss Plaintiff from the medical school [ECF No. 12 ¶¶ 15-17; ECF No. 12-2]. The Senior Vice President's letter states that Plaintiff's dismissal was "the result of" Plaintiff's "academic performance" [ECF No. 12-2]. It further states that "there is no indication that your allegations [of harassment and differential treatment based on disability] had any adverse impact on your academic performance" [ECF No. 12-2].

Based on these allegations, Plaintiff filed a two-count Amended Complaint asserting claims under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"). Count 1 alleges unlawful disability discrimination through a failure to provide reasonable accommodations [ECF No. 12 ¶¶ 23-32]. *See* 42 U.S.C. § 12132. Count 2 alleges unlawful disability discrimination through a wrongful dismissal from the medical school [ECF No. 12 ¶¶ 23-35]. *Id*.

In February 2021, Defendant filed the instant Motion to Dismiss Count 2 of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 20]. Defendant does not seek to dismiss Count 1 at this juncture.

## II.   Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. The Court must accept the plaintiff's allegations as true and construe them in the light most favorable to the Plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). But a Court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678; *see Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).

Additionally, under Federal Rule of Civil Procedure 10(c), a court "may deem a copy of a written instrument that is an exhibit to a pleading as part of the pleading for all purposes." *See* Fed. R. Civ. P. 10(c). A district court can "generally consider exhibits attached to a complaint in ruling on a motion to dismiss." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

## III.   Discussion

Title II of the ADA provides that no "qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services,

programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II defines a "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications . . . or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). *See also J.A.M. v. Nova Se. Univ., Inc.*, 646 F. App'x 921, 926 (11th Cir. 2016) ("In the context of postsecondary education, an 'otherwise qualified' individual must be able to meet the academic and technical standards requisite to admission or participation in the education program or activity, in spite of his handicap."). To state a claim under Title II, a plaintiff must establish:

> (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability

*Bircoll v. Miami-Dade Cty.*, 480 F.3d 1072, 1083 (11th Cir. 2007).

Defendant presents two primary arguments in favor of dismissal of Count 2.

First, Defendant contends that Plaintiff is not an otherwise "qualified individual" under the ADA [ECF No. 20, pp. 4- 6]. Defendant notes that "had Plaintiff not attached the Exhibits to this Amended Complaint, discovery may have been necessary to provide the Court with a history of Plaintiff's poor academic performance for his dismissal prior to the exam and not due to discrimination based on any disability" [ECF No. 36, p. 1]. In this case, Defendant argues, Plaintiff's pattern of academic of nonperformance is demonstrated within his exhibits, so the Court can determine as a matter of law that Plaintiff is not "otherwise qualified" [ECF No. 20, p. 6].

Second, Defendant argues that, even assuming Plaintiff is deemed an otherwise qualified individual under the ADA, dismissal still is warranted under Rule 12(b)(6) because Plaintiff has

not stated a plausible claim that Defendant's decision to dismiss him from the medical school was motivated solely by reason of Plaintiff's disability [ECF No. 20, pp. 6-8].

Plaintiff refutes both arguments. As to the former, Plaintiff does not dispute that he failed a series of courses as reflected in the attachments to his complaint or that he was placed on academic probation since 2017 [ECF No. 12-1, p. 4]. Instead Plaintiff argues that dismissal is not warranted at this stage because factual issues exist as to whether Defendant's rationale for discharging Plaintiff was for legitimate, non-discriminatory reasons or whether it was based on Plaintiff's disability [ECF No. 30, p. 14]. Plaintiff also argues that, as alleged, the Amended Complaint plausibly states a case of discrimination by showing a direct causal connection between the denial of Plaintiff's reasonable accommodation as to the psychiatry retake exam and the ultimate decision to discharge him from the school [ECF No. 30, pp. 8-9].

Although the question is close, after full consideration, the Court determines that dismissal of Count 2 at this juncture is not warranted. To dismiss Count 2 based on Defendant's first argument—that Plaintiff is not an otherwise qualified individual, *see* 42 U.S.C. § 12131(2)—the Court would have to conclude that the Amended Complaint and its incorporated attachments affirmatively demonstrate, as a matter of law, that Plaintiff does not meet the academic and technical standards of the educational program. *See J.A.M.*, 646 F. App'x at 926. That may be so, and certainly it appears to be the case based on the records attached to Plaintiff's complaint. As those records indicate, Plaintiff had to take the Family Medicine, Surgery, and Neurology shelf exam time twice; he scored low on the Obstetrics and Gynecology Shelf; he failed Genes, Molecules and Cells (BMS 6001); he failed Cardiovascular and Respiratory Systems (BMS 6633) and failed the remediation; he failed System Based Practice (BMS 6067); he failed the Psychiatry Clerkship; and he was placed on academic probation for what appears to be the majority of his

time as a medical student [ECF No. 12-1]. None of this is controverted. The issue is that, at this juncture, the record still is at least slightly underdeveloped because it does not contain the full scope of Plaintiff's academic performance (or nonperformance) or the academic and technical standards that Plaintiff appears to have been unable to satisfy. The Court thus is left to piece together what appears to be, but is not confirmed to be, a strong pattern of academic nonperformance. For that reason, the Court declines to dismiss Count 2 on the threshold basis that Plaintiff is not an "otherwise qualified individual" within the meaning of the ADA—leaving that question for possible resolution at summary judgment along with Count 1.

Turning to Defendant's second argument, Defendant contends that Plaintiff has not stated a plausible claim that Defendant dismissed him from the medical school "by reason of his disability," because the exhibits attached to the Amended Complaint make clear that Plaintiff was dismissed due to poor academic performance [ECF No. 20, pp. 6-8]. In response, Plaintiff argues that he was discriminated by reason of his disability because he was dismissed for failing a test that he would not have failed if the school had provided the required reasonable accommodation [ECF No. 30, p. 8]. Plaintiff alleges that Defendant's administrators and management were "well aware" of his disability and the requirement to provide him with an appropriate room to take exams; that Defendant "deliberately placed" Plaintiff in an inadequate room to take the psychiatry retake exam; and that Plaintiff ultimately was dismissed from the school as a direct result of his failure of that retake exam, thereby establishing a "but for" causal relationship between Plaintiff's disability and Defendant's failure to accommodate his disability [ECF No. 30, pp. 8-9].

Construing Plaintiff's allegations in the light most favorable to Plaintiff, the Court determines—only for purposes of Rule 12(b)(6)—that Plaintiff has alleged a plausible claim of disability discrimination based on the following sequence of allegations. Defendant denied

Plaintiff his previously approved reasonable accommodation when it did not provide him the "minimal distraction room" for him to retake the psychiatry exam. Defendant does not dispute that it denied Plaintiff that reasonable accommodation [ECF No. 12-2, p. 2]. MSEPC nevertheless recommended Plaintiff's dismissal after he failed the psychiatry retake exam, a failure that purportedly would not have happened if Defendant had been provided a reasonable accommodation [ECF No. 12- 2, p. 2]. And, Defendant's Office of the Provost upheld MSEPC's decision notwithstanding an admitted failure to accommodate Plaintiff's disability [ECF No. 12-2]. At this stage, although the question is again close, the Court concludes that Plaintiff plausibly has alleged a case of disability discrimination sufficient to withstand a Rule 12(b)(6) motion. Resolution of these issues is more well-suited to summary judgment, when any genuine issues of material fact can be reviewed with respect to Counts 1 and 2.

The Court also has reviewed Defendant's additional arguments in support of dismissal of Count 2. Defendants argue that Plaintiff was required to plead adequate comparators for his claim of discrimination [ECF No. 20, pp. 8-9], but claims for discrimination under the ADA may proceed either under a theory of disparate treatment or failure to provide reasonable accommodations, and Plaintiff's Amended Complaint alleges the latter [ECF No. 12 ¶ 34]. Defendant also argues that Plaintiff has not pleaded intentional discrimination in order to recover compensatory damages [ECF No. 20, pp. 9-11]. To recover compensatory damages, a Plaintiff "must prove that the entity that he has sued engaged in intentional discrimination, which requires a showing of 'deliberate indifference.'" *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019) (citing *Liese v. Indian River Cty. Hosp. Dist.*, 701 F.3d 334, 348 (11th Cir. 2012). Here, Plaintiff has stated sufficient allegations to survive a Rule 12(b)(6) motion on this basis; he alleges that multiple administrators knew of Plaintiff's condition; that he failed his psychiatry retake exam because he

8

was denied a reasonable accommodation; and that school leadership nevertheless upheld his dismissal from the school following his failure of the retake exam despite knowing that he had been denied a reasonable accommodation for that exam [ECF No. 30, p. 12 (relying on ECF No. 12-2, p. 2)]. The Court takes no position on the ultimate merits of Count 2, but at this stage, the factual record requires fuller development.

V. **Conclusion**

For the reasons stated above, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Count 2 of the Amended Complaint [ECF No. 20] is **DENIED**.

2. Defendant shall file an answer to Count 2 of Plaintiff's Amended Complaint within 14 days of this Order.

**DONE** and **ORDERED** in Chambers at Fort Pierce, Florida this 22nd day of April 2021.

                                                AILEEN M. CANNON
                                                UNITED STATES DISTRICT JUDGE

cc: counsel of record