UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-24649-AMC

ELIE NEHME,

    Plaintiff,

vs.

FLORIDA INTERNATIONAL UNIVERSITY
BOARD OF TRUSTEES

    Defendant.
_____/

## DEFENDANT, FLORIDA INTERNATIONAL UNIVERSITY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT

Defendant, FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES ("FIU"), by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and this Court's Order [ECF No. 42], hereby files this Answer and Affirmative Defenses to the Amended Complaint[1], and states:

1. Defendant denies the allegations in Paragraph one (1) of the Amended Complaint and demands strict proof thereof.[2]

2. Defendant admits only that jurisdiction is proper. Defendant denies the remainder of the allegations in Paragraph two (2) of the Amended Complaint and demands strict proof thereof.

3. Defendant admits only that venue is proper. Defendant denies the remainder of the allegations in Paragraph three (3) of the Amended Complaint and demands strict proof thereof.

---

[1] Defendant incorporates its previously asserted responses from ECF No. 21, Defendant's Answer and Affirmative Defenses to Count I of the Amended Complaint, in Paragraphs 1 through 32 to this docket entry.

[2] Plaintiff's Amended Complaint dropped the charges of retaliation and all claims pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 794.

4.  Based upon reasonable investigation, the allegations contained in Paragraph four (4) of the Amended Complaint are unknown to this Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

5.  Based upon reasonable investigation, the allegations contained in Paragraph five (5) of the Amended Complaint are unknown to this Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

5[3].  Defendant admits the allegations contained in Paragraph five (5).

6.  Defendant admits only that he was enrolled as a student at Defendant's HWCOM from July 27, 2017 through October 16, 2020. Defendant denies the remainder of the allegations in Paragraph six (6) of the Amended Complaint and demands strict proof thereof.

7.  Defendant denies the allegations in Paragraph seven (7) of the Amended Complaint and demands strict proof thereof.

8.  Defendant denies the allegations in Paragraph eight (8) of the Amended Complaint and demands strict proof thereof.

9.  Defendant admits only that Plaintiff was provided with minimal distraction rooms for his taking of exams. Defendant denies the remainder of the allegations in Paragraph nine (9) of the Amended Complaint and demands strict proof thereof.

10. Defendant admits only that Plaintiff failed his Systems Based Practice course and that Defendant granted Plaintiff's request for medical leave of absence and allowed him to repeat his second year of medical school. Based upon reasonable investigation, the remainder of the allegations contained in Paragraph ten (10) of the Amended Complaint are unknown to this Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

---

[3] Defendant followed the numbering pattern contained in Plaintiff's Amended Complaint.

11. Defendant denies the allegations in Paragraph eleven (11) of the Amended Complaint and demands strict proof thereof.

12. Defendant admits the allegations in Paragraph twelve (12) of the Amended Complaint.

13. Defendant denies the allegations in Paragraph thirteen (13) of the Amended Complaint and demands strict proof thereof.

14. Defendant denies the allegations in Paragraph fourteen (14) of the Amended Complaint and demands strict proof thereof.

15. Defendant admits the allegations in Paragraph fifteen (15) of the Amended Complaint.

16. Defendant admits only that Plaintiff lodged an internal complaint of disability discrimination and retaliation with Defendant's Office of Inclusion, Diversity, Equity & Access ("IDEA"). Defendant denies the remainder of the allegations in Paragraph sixteen (16) of the Amended Complaint and demands strict proof thereof.

17. Defendant denies the allegations in Paragraph seventeen (17) of the Amended Complaint and demands strict proof thereof.

18. Defendant admits only that Plaintiff was dismissed from HWCOM. Based upon reasonable investigation, the remainder of the allegations contained in Paragraph eighteen (18) of the Amended Complaint are unknown to this Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

19. Based upon reasonable investigation, the allegations contained in Paragraph nineteen (19) of the Amended Complaint are unknown to this Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

20. Defendant denies the allegations in Paragraph twenty (20) of the Amended Complaint demands strict proof thereof.

21. Based upon reasonable investigation, the allegations contained in Paragraph twenty-one (21) of the Amended Complaint are unknown to this Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

22. Based upon reasonable investigation, the allegations contained in Paragraph twenty-two (22) of the Amended Complaint are unknown to this Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

### COUNT I – UNLAWFUL DISABILITY DISCRIMINATION/FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS (VIOLATION OF TITLE II OF THE ADA)

23. Defendant re-alleges and re-affirms each and every response to Paragraphs one (1) through twenty-two (22) of the Amended Complaint. Defendant denies each and every allegation to the extent not previously admitted and demands strict proof thereof. Furthermore, Defendant denies any wrongdoing complained of herein.

24. Defendant admits the allegations in Paragraph twenty-four (24) of the Amended Complaint.

25. Defendant denies the allegations in Paragraph twenty-five (25) of the Amended Complaint and demands strict proof thereof.

26. Defendant denies the allegations in Paragraph twenty-six (26) of the Amended Complaint and demand strict proof thereof.

27. Defendant denies the allegations in Paragraph twenty-seven (27) of the Amended Complaint and demands strict proof thereof.

28. Defendant denies the allegations in Paragraph twenty-eight (28) of the Amended Complaint and demands strict proof thereof.

29. Defendant denies the allegations in Paragraph twenty-nine (29) of the Amended Complaint and demands strict proof thereof.

30. Defendant denies the allegations in Paragraph thirty (30) of the Amended Complaint and demands strict proof thereof

31. Defendant denies the allegations in Paragraph thirty-one (31) of the Amended Complaint and demands strict proof thereof.

32. Defendant denies the allegations in Paragraph thirty-two (32) of the Amended Complaint and demands strict proof thereof.

### COUNT II – UNLAWFUL DISABILITY DISCRIMINATION/ WRONGFUL DISMISSAL (VIOLATION OF TITLE II OF THE ADA)

33. Defendant re-alleges and re-affirms each and every response to Paragraphs one (1) through twenty-two (22), twenty-four (24) through twenty-seven (27), and twenty-nine (29) through thirty-two (32) of the Amended Complaint. Defendant denies each and every allegation to the extent not previously admitted and demands strict proof thereof. Furthermore, Defendant denies any wrongdoing complained of herein.

34. Defendant denies the allegations in Paragraph thirty-four (34) of the Amended Complaint and demands strict proof thereof.

35. Defendant denies the allegations in Paragraph thirty-five (35) of the Amended Complaint and demands strict proof thereof.

### GENERAL DENIAL

Defendant denies each and every allegation of the Amended Complaint to the extent not previously admitted and demands strict proof thereof.

### AFFIRMATIVE DEFENSES

*First Affirmative Defense*

As a first affirmative defense, Defendant asserts that Plaintiff has failed to state a claim

upon which relief can be granted under the ADA because Plaintiff cannot show he was denied the benefits of FIU's programs or excluded from participation in FIU's program or services because of any alleged disability

### *Second Affirmative Defense*

As a second affirmative defense, Defendant asserts that Plaintiff is not qualified to meet the academic requirements and standards of FIU's College of Medicine with or without reasonable accommodations.

### *Third Affirmative Defense*

As a third affirmative defense, Defendant asserts that Plaintiff was withdrawn from FIU's College of Medicine for legitimate, non-discriminatory reasons. These reasons were not motivated by Plaintiff's purported disability. Plaintiff did not suffer any discrimination and Defendant is not liable for any alleged wrongdoing.

### *Fourth Affirmative Defense*

As a fourth affirmative defense, Defendant asserts that Plaintiff cannot recover money damages under the ADA because FIU did not intentionally discriminate against Plaintiff or otherwise act in bad faith, and was therefore not deliberately indifferent, which requires a showing that FIU knew that harm to a federally protected right was substantially likely and failed to act on that likelihood. FIU's acts were not motivated by any purposeful, discriminatory disability animus.

### *Fifth Affirmative Defense*

As a fifth affirmative defense, Defendant asserts that that any injunctive or declaratory relief is barred because Plaintiff has not suffered an irreparable injury, is unlikely to succeed on the merits, and has an adequate remedy at law.

### *Sixth Affirmative Defense*

As a sixth affirmative defense, Defendant asserts that Plaintiff's Amended Complaint fails to show Plaintiff is a qualified individual with a disability and no reasonable accommodations existed that would have allowed Plaintiff to meet all of FIU's academic requirements and/or permitted him to perform the essential functions his position as a student.

### *Seventh Affirmative Defense*

As a seventh affirmative defense, Defendant asserts that Plaintiff failed to request accommodations to take quizzes and/or readiness assignments. Therefore, Plaintiff's failure to accommodate claims fail as a matter of law.

### *Eighth Affirmative Defense*

As an eighth affirmative defense, Defendant asserts that Plaintiff cannot state a claim under the ADA because he cannot establish that FIU failed to provide a reasonable accommodation.

### *Ninth Affirmative Defense*

As its ninth affirmative defense, Defendant states that Plaintiff cannot prevail on his claims of alleged disability discrimination as, to the extent there existed any accommodation that could have been provided to Plaintiff, such accommodation would have been unreasonable as it would have fundamentally altered FIU's eligibility criteria and, thus, would have caused FIU undue hardship.

### *Tenth Affirmative Defense*

As a tenth affirmative defense, Defendant asserts that Plaintiff cannot state a claim for disability discrimination because he cannot show that any non-disabled students with similar academic performance were treated more favorably than him.

### *Eleventh Affirmative Defense*

As an eleventh affirmative defense, Defendant states that Plaintiff cannot state a claim for disability discrimination because Plaintiff cannot show that any action taken by Defendant was motivated by disability animus.

### *Twelfth Affirmative Defense*

As a twelfth affirmative defense, Defendant asserts that Plaintiff is not entitled to monetary damages under Title II of the Americans with Disabilities Act.

### *Thirteenth Affirmative Defense*

As a thirteenth affirmative defense, Defendant asserts that to the extent that Plaintiff demonstrated that disability was a motivating factor in his withdrawal, Defendant would have taken the same action in the absence of such impermissible motivating factor.

### *Fourteenth Affirmative Defense*

As a fourteenth affirmative defense, the Defendant asserts that it owes a duty to society not to waive the essential requirements of its medical program and that the decision as to whether a medical student is qualified to become a medical doctor is entitled to great deference.

### *Fifteenth Affirmative Defense*

As a fifteenth affirmative defense, the Defendant asserts that Plaintiff has failed to mitigate his damages as is proper and reasonable under the circumstances.

### *Sixteenth Affirmative Defense*

As a sixteenth affirmative defense, the Defendant asserts that Plaintiff cannot prevail on his claims of alleged disability discrimination as he cannot establish that he is disabled.

### **JURY DEMAND**

Defendant demands a trial by jury on all issues so triable.

I HEREBY CERTIFY that on this 6th day of May, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

MARRERO & WYDLER
*Attorneys for Defendant FIU BOT*
2600 Douglas Road, PH-4
Coral Gables, FL 33134
(305) 446-5528
(305) 446-0995 (fax)

BY __/s/ Lourdes E. Wydler_____
    OSCAR E. MARRERO
    F.B.N..:  372714
    oem@marrerolegal.com
    LOURDES ESPINO WYDLER
    F.B.N.:  719811
    lew@marrerolegal.com

## SERVICE LIST

Roderick V. Hannah, Esq.
4800 North Hiatus Road
Sunrise FL 33351-7919
(954) 362-3800
(954) 613-5902 (fax)
FBN:  435384
rhannah@rhannahlaw.com
*Attorneys for Plaintiff*