UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-24649-CIV-CANNON/OTAZO-REYES

ELIE NEHME,

    Plaintiff,

v.

FLORIDA INTERNATIONAL
UNIVERSITY BOARD OF TRUSTEES,

    Defendant.
_____/

## HIPAA QUALIFIED PROTECTIVE ORDER

    1.    In accordance with the requirements of the regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), specifically 45 C.F.R. § 164.512(e)(1)(ii)(B) & (v), the Court hereby institutes a HIPAA QUALIFIED PROTECTIVE ORDER, as that term is defined in the foregoing regulations, and requires for information obtained by subpoena that all parties be:

    (a)    prohibited from using or disclosing Protected Health Information, as defined under HIPAA and its implementing regulations ("PHI"), for any purpose other than the litigation of the above-styled lawsuit; and

    (b)    required to return to the disclosing entity or destroy the PHI (including all copies made) at the conclusion of the litigation of the above-styled lawsuit ("Conclusion" is not defined by HIPAA but should be understood to include all appellate proceedings at any level or the expiration of the time to commence such further appellate proceedings without appeal).

    Based upon this HIPAA QUALIFIED PROTECTIVE ORDER ("Order") and commencing immediately from the date of this Order, all persons, including but not limited to physicians and

other medical providers, shall comply with, and are authorized and ordered to use or disclose PHI in response to any and all subpoenas for records without deposition (under Federal Rule of Civil Procedure 45) and any and all other subpoenas served upon them at any time in the course of this litigation to which no objection has been timely filed. This Order applies only to PHI pertaining to the Plaintiff that is received pursuant to subpoena in the above-styled litigation and does apply to information obtained in any other manner such as by plaintiff's own request or authorization. The Order applies to the PHI of any non-parties to the above-styled litigation but does not preclude any non-parties or physicians and other medical providers from objecting under HIPAA to the disclosure of any PHI that pertains to such non-parties.

**Interrogatories, Requests For Production, Requests For Copies And Expert Communications**

2. In addition to the foregoing, pursuant to 45 C.F.R. § 164.512(e)(1)(i) and for purposes of compliance with HIPAA, without waiver of any right to prepayment of costs or any other appropriate objection or privilege that may be timely asserted, the attorneys, employees, agents and designees of each party or party's legal counsel in this case, including but not limited to the law firms of Roderick V. Hannah, Esq., P.A. and Marrero & Wydler are expressly and specifically authorized and ordered to:

(a) respond to valid Requests for Production or Interrogatories served pursuant to the Federal Rules of Civil Procedure in the above-styled claim or litigation seeking PHI;

(b) respond to valid and timely Requests for Copies served pursuant to the Federal Rules of Civil Procedure in the above-styled claim or litigation for production of documents and things without deposition concerning PHI; and

(c) respond to each one of a party's own expert(s) who requests, either orally or in writing, PHI for purposes of reviewing the above-styled claim or litigation in whole or in part,

whether the expert is a consulting or trial expert, and whether the expert is considered retained for compensation or non-retained, by disclosing and providing such requested PHI. In compliance with both HIPAA regulations and any applicable state law not pre-empted by HIPAA, the authorization and order set forth in this paragraph expressly includes PHI concerning psychological and mental health records, disability status and records, substance abuse and treatment history, and HIV status, as well as records concerning other sexually transmitted diseases if so requested.

The Order does not preclude objecting to the disclosure of any PHI for the reasons allowed under Federal Rule of Civil Procedure 26.

The command of the Court in this paragraph is a separate authorization for use or disclosure of PHI that is in addition to, and potentially inclusive of, the use and disclosures authorized under that portion of the Order set forth in paragraph number 1 above.

### **Depositions**

(3)   In addition to the foregoing, pursuant to 45 C.F.R. § 164.512(e)(1)(i) and for purposes of compliance with HIPAA, without waiver of any right to prepayment of costs, fees, and expenses, or any other appropriate objection or privilege that may be timely asserted, each deponent duly noticed for deposition in the above-styled litigation, including but not limited to a party, fact witness, a records custodian, an expert, a treater, or a health care provider of any type, is expressly and specifically authorized and ordered to use or to disclose to the attorneys, employees, agents and designees of each party or party's legal counsel in this case, including but not limited to the law firms of Roderick V. Hannah, Esq., P.A. and Marrero & Wydler, the PHI of a party that is responsive to deposition questions or a valid duces tecum at such duly noticed deposition in the above-styled litigation. In compliance with both HIPAA regulations and any

applicable state law not pre-empted by HIPAA, the authorization and order set in this paragraph, expressly includes PHI concerning psychological and mental health records, disability status and records, and substance abuse and treatment history. The Order does not preclude objecting to the disclosure of any PHI for the reasons allowed under the Federal Rules of Civil Procedure.

The command of the Court in this paragraph is a separate authorization for use or disclosure of PHI that is in addition to, and potentially inclusive of, the use and disclosures authorized under the Order set forth in paragraph number 1 above.

### Judicial Proceedings

4. In addition to the foregoing, pursuant to 45 C.F.R. § 164.512(e)(1)(i) and for purposes of compliance with HIPAA, without waiver of any right to prepayment of costs, fees, and expenses or any other appropriate objection or privilege that may be timely asserted, all witnesses duly appearing at, or subpoenaed for, any judicial proceeding related to the above-styled litigation, including but not limited to trial, are specifically and expressly authorized and ordered to use and disclose the PHI of a party in any form at such judicial proceeding. In compliance with both HIPAA regulations and any applicable state law not pre-empted by HIPAA, the authorization and order set forth in this paragraph, expressly includes PHI concerning psychological and mental health records, disability status and records, and substance abuse and treatment history. The Order does not preclude objecting to the disclosure of any PHI for the reasons allowed under Federal Rule of Civil Procedure 26 or the Federal Rules of Evidence.

The command of the Court in this paragraph is a separate authorization for use or disclosure of PHI that is in addition to, and potentially inclusive of, the use and disclosures authorized under the Order set forth in paragraph number 1 above.

### Court Reporter, Photocopying, And Other Designated Service Providers Of A Party

5. Pursuant to 45 C.F.R. § 164.512(e)(1)(i) and in compliance with HIPAA, but without waiver of any right to prepayment of costs or other appropriate objection or privilege that may be timely asserted, any person or entity authorized or ordered above to use or disclose PHI is expressly and specifically authorized and ordered to do so with, to, or before any court reporter service, videography service, translation service, photocopy service, document management service, records management service, graphics service or other such litigation service, designated by a party or party's legal counsel in this case, including but not limited to the law firms of Roderick V. Hannah, Esq., P.A. and Marrero & Wydler. The protections and requirements of paragraph number 1 above specifically apply to any such service so designated. Each party or the party's legal counsel is charged with giving notice of the obligations imposed by this Order to any such service the party or counsel so designated and further charged with obtaining advance consent of such service to comply fully with this paragraph. Upon such consent, the service will be deemed to have voluntarily submitted to the Court's jurisdiction during the pendency of this litigation for purposes of enforcement of this paragraph, including but not limited to the imposition of such sanctions, monetary or otherwise, as may be appropriate for any non-compliance.

### **Business Associate Agreements**

6. Except for business association agreements (within the meaning of the HIPAA regulations) entered into by a party or a party's legal counsel for purposes of satisfying the requirements of paragraph number 5 of this Order, the uses and disclosures of PHI authorized under this Order are separate from, and not to be deemed subject to, any business associate agreement that has been or will be executed by any party, any party's legal counsel, or any disclosing person or entity. No use or disclosure made pursuant to this Order shall be deemed to require execution of a business associate agreement (within the meaning of the HIPAA

regulations). The intent of this Order is that the uses and disclosures made pursuant to it should not be subject to such business associate agreements, or to any requirement for such agreements under the HIPAA regulations. Such agreements should be construed as inapplicable to any uses or disclosures made pursuant to this Order and, therefore, as limited only to uses and disclosures of PHI outside of this Order.

7. Unless a motion for enforcement of this Order has been filed in this case and remains pending at the time, this Order shall expire upon the conclusion of this litigation by any dismissal or by final judgment, through and including all appellate proceedings unless the time for commencing such proceedings has expired without an appeal.

8. This HIPAA Qualified Protective Order is self-executing without need of further order of the Court, and is effective upon entry.

9. A copy of this HIPAA Qualified Protective Order shall be as valid as an original.

DONE AND ORDERED in Chambers at Miami, Florida, on this 23rd day of September, 2021.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Aileen M. Cannon
      Counsel of Record