UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  1:20-cv-24649-AMC/OTAZO-REYES

ELIE NEHME,

    Plaintiff,

vs.

FLORIDA INTERNATIONAL UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.
_____/

## NOTICE OF HEARING
## (DISCOVERY HEARING)

    YOU WILL PLEASE TAKE NOTICE that the undersigned will call up for hearing before The Honorable Alicia M. Otazo-Reyes, United States Magistrate, Southern District of Florida, on **Thursday, January 20, 2022 at 2:30 p.m.,** or as soon thereafter as same can be heard, The hearing will be conducted via telephone.  **The call-in information will be provided by the Court.**

    The parties request a hearing to obtain a Family Education and Privacy Rights Act ("FERPA") Order on the disclosure of students' records to obtain comparator evidence and on Defendant's Objection to Plaintiff's Request for Production No. 16 and No. 17 which the parties have narrowed the dispute via conferral as much as possible:

16. For the ten-year period immediately preceding the filing of the original Complaint in this case, all documents, tangible things, and electronically-stored information (including all emails) in your possession, custody, or control, constituting the HWCM academic performance files and records, disciplinary files and records, evaluations, class and testing/examination results, disability files and records, attendance files and records, investigative files and records, and medical, MSCWC, DRC, MSEPC, and IDEA files and records for each student and former medical student of the HWCM, other than Plaintiff, who filed an internal complaint of disability discrimination with the IDEA.

    RESPONSE:  *See* Response to RFP 15 which states:

Objection; this request seeks education records and student identifying information that must be kept confidential consistent with the Family Education and Privacy Rights Act ("FERPA") and Florida Statute § 1006.52 (expanding FERPA to applicant records). *See also* 20 U.S.C. § 1232g(a)(4)(A); (b)(1). Pursuant to 34 C.F.R. § 99.31(a)(9)(i)-(ii), student identifying information and records cannot be disclosed without prior consent of the student, absent a Court Order and prior notice to the student to provide an opportunity for the student to object and seek protective action. FIU is obligated under FERPA and Fla. Statute § 1006.52 to withhold any potentially responsive student records until the Court orders disclosure, the student has been notified, and given an opportunity to respond.

Furthermore, objection; vague, overbroad, unduly burdensome, irrelevant, not limited in time and scope, and not proportional to the needs of the case. This request for "all documents, tangible things, and electronically-stored information (including all emails)" without any specification as to the custodians of potentially responsive documents and/or correspondence is overbroad. The twelve different types of files or "records" sought for each student is also overbroad, irrelevant, and not limited in scope. It also seeks 10 years' worth of records from November 12, 2010 to November 12, 2021 which should be limited in time. Additionally, to the extent that this request seeks electronically stored information such as email communications, no search terms or specific criteria has been provided. Because this request would require an FIU IT email search to be conducted, a list of terms to conduct the search is necessary as the subject of the request is overbroad and vague.

17. For the ten-year period immediately preceding the filing of the original Complaint in this case, all documents, tangible things, and electronically-stored information (including all emails) in your possession, custody, or control, constituting the HWCM academic performance files and records, disciplinary files and records, evaluations, class and testing/examination results, disability files and records, attendance files and records, investigative files and records, and medical, MSCWC, DRC, MSEPC, and IDEA files and records for each student and former medical student of the HWCM, other than Plaintiff, who filed an internal complaint of disability discrimination with the IDEA and for which the IDEA found that disability discrimination had occurred.

RESPONSE: *See* Response to RFP 15. (same objection as above)

## **CERTIFICATE OF CONFERRAL**

Consistent with this Court's Order and S.D. Fla. Local Rule 7.1, the undersigned has, in good faith, conferred with Plaintiff's counsel in an effort to narrow the discovery responses without court action. Plaintiffs' counsel conferred with the undersigned on various occasions, but an agreement could not be reached without court intervention. However, the parties in good-faith, will continue discussions in an attempt to resolve the discovery disputes raised before the scheduled Thursday, January 20, 2022 hearing and will contact the Court of any resolutions.

I HEREBY CERTIFY that on this 18 day of November, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

MARRERO & WYDLER
*Attorneys for Defendant*
2600 Douglas Road, PH-4
Coral Gables, FL 33134
(305) 446-5528
(305) 446-0995 (fax)


BY  /s/  Lourdes Espino Wydler
     OSCAR E. MARRERO
     F.B.N.:  372714
     oem@marrerolegal.com
     LOURDES E. WYDLER
     F.B.N.:  719811
     lew@marrerolegal.com

**SERVICE LIST**

Roderick V. Hannah, Esq.
4800 North Hiatus Road
Sunrise FL 33351-7919
(954) 362-3800
(954) 613-5902 (fax)
FBN:  435384
rhannah@rhannahlaw.com
*Attorneys for Plaintiff*