UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-24649-CIV-CANNON/OTAZO-REYES

ELIE NEHME,

    Plaintiff,

vs.

FLORIDA INTERNATIONAL UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.

_____/

**<u>FERPA PROTECTIVE ORDER</u>**

    THIS MATTER alleging violations of the Americans with Disabilities Act is before the Court. Being otherwise duly advised in the premises, it is hereby ORDERED AND ADJUDGED:

    The production of requested information and production of information for the defense of the matter pertaining to students' records at FLORIDA INTERNATIONAL UNIVERSITY ("FIU") are confidential under the Family Education and Privacy Rights Act ("FERPA"), 20 U.S.C § 1232g or Florida Statute § 1006.52. Florida Statute § 1006.52(2)(a) states that "a public postsecondary educational institution may not release a student's education records without the written consent of the student to any individual, agency, or organization, except in accordance with and as permitted by the FERPA." Pursuant to FERPA, 20 U.S.C. § 1232g and its implementing regulations 34 C.F.R. § 99.31(a)(9)(i)–(ii), an educational agency or institution may disclose personally identifiable information from an education record of a student without the consent required by § 99.30 if the disclosure "is to comply with a judicial order or lawfully issued subpoena," but only "if the agency or institution makes a reasonable effort to notify the parent or

eligible student of the order or subpoena in advance of compliance, so that the parent or eligible student may seek protective action . . . ."

**ACCORDINGLY**, the Court hereby authorizes FIU to produce and disclose the student records pursuant to this Order and utilize the information deemed appropriate in the defense of this matter. FIU shall have ten (10) calendar days to provide reasonable notice to the affected students by this Order to comply with FERPA prior to disclosure. All records to be produced shall be deemed "Confidential Records".

The parties shall not provide the Confidential Records, copies thereof, or the information contained therein, to any third parties. The Confidential Records may be shared with the following: (1) The parties, counsel for the parties and employees of the parties' counsel who have responsibility for the instant action; (2) The Court and its personnel; (3) Contractors or persons specifically engaged by the parties' counsels for the purpose of making copies of documents; (4) Consultants, investigators or expert witnesses engaged by the parties' counsels; (5) Others by further Order of the Court; and (6) FIU for any purpose as provided for by law. All third parties receiving the records shall comply with this Order. The party retaining any third party in conjunction with this case shall have the responsibility of advising of this Order and providing the third party with a copy of this Order.

The obligation to maintain the confidentiality of the information contained in the records shall continue beyond the close of litigation, including after entry of Final Judgment. Entry of this Confidentiality Order does not authorize the disclosure of any other information made confidential and/or exempt pursuant to state or federal law contained in the student records, including, but not limited to, social security numbers, banking information, or protected health information.

The Confidential Records produced to Plaintiff shall be shredded, returned to the Defendant's counsel, or otherwise appropriately destroyed at the conclusion of this case, along

with any subsequent copies thereof. Plaintiff and Plaintiff's counsel(s) shall execute a sworn and notarized notice of compliance with this section under the penalty of perjury, detailing the method of compliance, and provide the Defendant's counsel with the original, signed copy.

Plaintiff and Plaintiff's counsel who shared the Confidential Records with any third parties consistent with section three (3) of this Order are directly responsible for the third parties' actions. The sworn notice of compliance must include a statement of confirmation by Plaintiff's counsel regarding compliance with this Order on behalf of the third party retained. The sworn notice of compliance must be submitted within fifteen (15) calendar days of a Final Judgment. If a settlement of the matter is reached, the sworn notice of compliance must be delivered to Defendant's counsel prior to tender of payment.

DONE AND ORDERED in Chambers at Miami, Florida, on this 27th day of January, 2022.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Aileen M. Cannon
      Counsel of Record