# EXHIBIT 9



**FLORIDA INTERNATIONAL UNIVERSITY**

Privileged and Confidential

March 15, 2018

Mr. Elie Nehme
8112 Bautista Way
Palm Beach Gardens, FL  33418-8178
561-386-9508

*<<Via email to enehm002@fiu.edu >>*

Re: Medical Student Evaluation and Promotion Committee Recommendation

Dear Mr. Nehme:

The Medical Student Evaluation and Promotion Committee (MSEPC) met on Thursday, March 8, 2018 to consider your overall performance to date as a medical student, in accordance with the College of Medicine Student Handbook and FIU policies.

Enclosed herewith are the findings and recommendations of the MSEPC.  You will have the right to appeal the determination in accordance to the 2017-2018 Student Handbook.  The sole grounds for appeal are as follows:

1. Material failure to provide a student with his or her due process rights as set forth in the Student Handbook which affected the outcome of the hearing.  Appeals based on this ground will be limited solely to a review of the record of the hearing.

2. New information, which was not available at the time of the hearing and therefore could not be presented.  In addition, the student must show that the new information could have substantially affected the outcome of the hearing.  The nature of the information must be described in full detail in the appeal letter including an explanation regarding the reason the information could not have been presented at the hearing.

3. The severity of the sanction is clearly excessive in light of the nature of the offense and the totality of the student's academic performance including indicia of professionalism.

HERBERT WERTHEIM COLLEGE OF MEDICINE

Modesto A. Maidique Campus, 11200 S.W. 8th St., AHC II 693, Miami, FL 33199 • Tel: 305.348.0570 • Fax: 305.348.0123 • medicine.fiu.edu

Florida International University is an Equal Opportunity/Access Employer and Institution • TDD via FRS 1.800.955.8771



**FLORIDA INTERNATIONAL UNIVERSITY**

Per the Student Handbook, you have an opportunity to meet with the Chair of the Appeals Committee, Executive Associate Dean for Academic Affairs Carolyn Runowicz, MD or her designee to clarify the grounds for appeal however, a meeting is not mandatory. If you would like a meeting, this request must be in writing and received by Dr. Runowicz within three (3) days of the date that you file the appeal.

Sincerely,

Sergio Gonzalez-Arias, MD, PhD
Chair, Medical Student Evaluation and Promotion Committee

HERBERT WERTHEIM COLLEGE OF MEDICINE

Modesto A. Maidique Campus, 11200 S.W. 8th St., AHC II 693, Miami, FL 33199 • Tel: 305.348.0570 • Fax: 305.348.0123 • medicine.fiu.edu

Florida International University is an Equal Opportunity/Access Employer and Institution • TDD via FRS 1.800.955.8771

FIU_000018



## MEMORANDUM

**Privileged and Confidential Education Record**
**Protected by Federal Education Rights and Privacy Act**

| | |
|---|---|
| Date: | March 15, 2018 |
| To: | Elie Nehme |
| From: | Sergio Gonzalez-Arias, MD, PhD |
| | Chair, Medical Student Evaluation and Promotion Committee |
| cc: | Carolyn D. Runowicz, MD |
| | Executive Associate Dean for Academic Affairs |
| | Chair, Appeals Committee |
| | Karin Esposito, MD, PhD |
| | Interim Executive Associate Dean for Student Affairs |
| Subject: | Medical Student Evaluation and Promotion Review |

The Medical Student Evaluation and Promotion Committee (MSEPC) conducted a hearing on Thursday, March 8, 2018, to consider the academic performance of Elie Nehme. The student attended.

**Facts:**

Mr. Nehme failed *System Based Practice* (BMS 6067). A Professionalism Incident Report (PIR) was filed on December 15, 2017 by Dr. Vivian Obeso for multiple unexcused absences across courses, multiple requests to delay exams, and a professionalism issue regarding a quiz in *Reproductive Systems* (BMS 6637) (see attached PIR for details). Mr. Nehme stated that he experienced medical problems that interfered with his ability to attend class. He is currently on a Medical Leave of Absence effective January 18, 2018; however, he waived his right to delay the MSEPC hearing until after he returns. He has been meeting with a neurologist and pain management physician and is feeling much better. He stated he is ready to return to medical school in early April if he is allowed the opportunity to repeat Period 2.

**History:**

MSEPC Hearing #1 / July 27, 2017

Mr. Nehme recently failed *Cardiovascular and Respiratory Systems* (BMS 6633) and he failed the remediation. He previously failed *Genes, Molecules and Cells* (BMS 6001) and passed the remediation. Mr. Nehme reported he had health issues and family problems during his first year of medical school. He reported he has been meeting with the Wellness Center to work on his processing speed. He stated he was verbally informed he could benefit from being granted additional time to take exams. He is also working with Learning Specialist, Dr. Winnie Chang. Mr. Nehme was allowed to continue with the class of 2020. He was required to meet with Dr. Toonkel to develop a plan for self-study of *Cardiovascular and*



*Respiratory Systems* (BMS 6633) in preparation for taking the course again in 2018 with the class of 2021, thus delaying his entry into Period 3. He was placed on academic probation.

**Findings:**

After discussion, the MSEPC made the following findings:

1. Mr. Nehme's academic performance is of serious concern.

**Recommendations:**

1. Mr. Nehme will be allowed to repeat Period 2 joining the class of 2021.

2. Any further course failure or continued poor academic performance will trigger review by the MSEPC with the possibility of adverse recommendations, including dismissal from medical school.

3. Mr. Nehme will remain on academic probation as per the HWCOM student handbook guidelines. Per the HWCOM student handbook, the student will remain on probation through the end of the academic period in which he or she was placed on probation and through the following academic period.

4. He must continue to seek advice from the HWCOM Learning Specialist and utilize available resources and supportive services such as the Wellness Center and tutoring.

5. It is strongly recommended that the student refrain from participating in extracurricular activities other than debt management counseling, financial planning, career and professional counseling, health and wellness programs, student support services, and Panther Learning Communities.

6. He must stay in close contact with his academic advisor. The frequency of contact should be no less than quarterly.

# EXHIBIT 10

**Legend:**
- Failed 1st attempt/Passed retake (yellow)
- Failed both 1st attempt/retake (red)
- Out of phase - P3 late start (purple)

**CO2021 ALPHABETICAL - SHELF PERCENTILES**

| Advisor | Rank | Last Name | First Name | FM | IM | Surg | Neuro | OBGYN | Peds | Psych | AVG |
|---|---|---|---|---|---|---|---|---|---|---|---|
| T. Berkshire, M | 115 | Nehme | Elle | 49 | 12 | 17 | 7 | 5 | | 2 | 15.3 |

**...entile - Retake Percentiles**

| Last Name | First Name | FM 1st attempt | FM 2nd attempt | IM 1st attempt | IM 2nd attempt | Surg 1st attempt | Surg 2nd attempt | Neuro 1st attempt | Neuro 2nd attempt | OBGYN 1st attempt | OBGYN 2nd attempt | Peds 1st attempt | Peds 2nd attempt | Psych 1st attempt | Psych 2nd attempt | # of Failures |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Nehme | Elle | 3 | 49 | | | 4 | 17 | 2 | 7 | | | | | 2 | | 4 |

# EXHIBIT 11



*Privileged and Confidential*

April 16, 2020

Elie Nehme
8112 Bautista Way
Palm Beach Gardens, FL 33418

 *<<Via email to enehm002@fiu.edu >>*

Re: Medical Student Evaluation and Promotion Committee Recommendation

Dear Mr. Nehme:

The Medical Student Evaluation and Promotion Committee (MSEPC) met on Thursday, April 9, 2020, to consider your overall performance to date as a medical student in accordance with the *HWCOM Medical Student Handbook* and FIU policies.

Enclosed herewith are the findings and adverse recommendations of the MSEPC.  You have the right to appeal the adverse recommendations to the Appeals Committee in accordance with the procedures set forth in the *HWCOM Medical Student Handbook (see F. Appeals Process, page A-14)*.  The request for appeal must be submitted in writing to the Executive Associate Dean for Academic Affairs within ten (10) business days of the date of this notification.  It must be based on one or more of the following grounds for appeal:

1. Material failure to provide a student with his or her due process rights as set forth in the *HWCOM Medical Student Handbook* that affected the outcome of the hearing.  Appeals based on this ground will be limited solely to a review of the record of the hearing.
2. New information, which was not available at the time of the hearing and therefore could not be presented.  The student must show that the new information was likely to have substantially affected the outcome of the hearing.  The nature of the information must be described in full detail in the written request, including an explanation of the reason the information could not have been presented at the hearing.
3. The severity of the sanction is clearly excessive in light of the nature of the offense and the totality of the student's academic performance including indicia of professionalism.

Sincerely,

Helen Tempest, PhD.
Acting Chair, Medical Student Evaluation and Promotion Committee

HERBERT WERTHEIM COLLEGE OF MEDICINE

Modesto A. Maidique Campus, 11200 S.W. 8ᵗʰ St., AHC II 693, Miami, FL 33199 • Tel: 305.348.0570 • Fax: 305.348.0123 • medicine.fiu.edu

Florida International University is an Equal Opportunity/Access Employer and Institution • TDD via FRS 1.800.955.8771

**FIU** | **Herbert Wertheim College of Medicine**

# MEMORANDUM

**Privileged and Confidential Education Record**
**Protected by Federal Education Rights and Privacy Act**

Date:        April 16, 2020

To:          Elie Nehme

From:        Helen Tempest, PhD
             Acting Chair, Medical Student Evaluation and Promotion Committee

CC:          Carolyn D. Runowicz, MD
             Executive Associate Dean for Academic Affairs
             Chair, Appeals Committee

             Karin Esposito, MD, PhD
             Executive Associate Dean for Student Affairs

Subject:     Medical Student Evaluation and Promotion Review

The Medical Student Evaluation and Promotion Committee (MSEPC) conducted a hearing on Thursday, April 9, 2020, to consider the academic performance of Elie Nehme. The meeting was held virtually via Zoom. The student attended.

**Facts:**

Mr. Nehme is a period 3 medical student on academic probation. He failed the Psychiatry shelf exam and the remediation exam and as a result failed the Psychiatry Clerkship.

Mr. Nehme stated that he understood he was appearing before the MSEPC because he did not pass the Psychiatry Clerkship. Mr. Nehme stated that he prepared very well prior to taking the Psychiatry Clerkship remediation. However, the day of the psychiatry shelf exam retake, his neighbor's apartment caught on fire and he waited at the apartment complex unsure if his apartment would be next. He stated that thankfully his apartment was fine and that he was able to make it on time to his scheduled retake. Mr. Nehme stated that the fire did stress him out and that it affected his performance.

The committee commented that Mr. Nehme showed a pattern of poor performance in his Clerkship shelf exams. The committee stated that Mr. Nehme had to take the Family Medicine, Surgery, and Neurology shelf exam twice and that he scored low on the Obstetrics and Gynecology Shelf exam. Mr. Nehme stated that the day of his Surgery Clerkship Shelf exam, he received a call that his dad was being rushed to the hospital and that call affected his performance. Mr. Nehme stated that he acknowledges his weak points. He said that he has been preparing for the USMLE Step 1 exam by studying and targeting his weak points. Mr. Nehme reported that he planned to reschedule his USMLE Step 1 exam if he believed he was insufficiently prepared to take it.

**Herbert Wertheim
College of Medicine**

When asked why he did not request an excused absence for the Psychiatry Shelf Exam remediation, as he had previously for exams prior to entering into Period 3. Mr. Nehme stated that he was not aware he could request an excused absence for shelf exams. He also stated that he was unaware of the process to request an excused absence last minute prior to Psychiatry Clerkship remediation exam.

Mr. Nehme was asked in hindsight what he would have done differently, and he stated that he would not have changed anything. Mr. Nehme believes he used all the correct resources available and that he prepared the best he could for each shelf exam. He also reported that he felt well prepared going into the Psychiatry Clerkship remediation exam.

**History:**

MSEPC Hearing #1 / July 27, 2017

Mr. Nehme recently failed *Cardiovascular and Respiratory Systems* (BMS 6633) and he failed the remediation.   He previously failed *Genes, Molecules and Cells* (BMS 6001) and passed the remediation.  Mr. Nehme reported he had health issues and family problems during his first year of medical school.  He reported he has been meeting with the Wellness Center to work on his processing speed.  He stated he was verbally informed he could benefit from being granted additional time to take exams.  He is also working with Learning Specialist, Dr. Winnie Chang.  Mr. Nehme was allowed to continue with the class of 2020.  He was required to meet with Dr. Toonkel to develop a plan for self-study of *Cardiovascular and Respiratory Systems* (BMS 6633) in preparation for taking the course again in 2018 with the class of 2021, thus delaying his entry into Period 3.  He was placed on academic probation.

MSEPC Hearing #2 / March 8, 2018

Mr. Nehme failed *System Based Practice* (BMS 6067).  A Professionalism Incident Report (PIR) was filed on December 15, 2017 by Dr. Vivian Obeso for multiple unexcused absences across courses, multiple requests to delay exams, and a professionalism issue regarding a quiz in *Reproductive Systems* (BMS 6637) (see attached PIR for details).  Mr. Nehme stated that he experienced medical problems that interfered with his ability to attend class.  He is currently on a Medical Leave of Absence effective January 18, 2018; however, he waived his right to delay the MSEPC hearing until after he returns.  He has been meeting with a neurologist and pain management physician and is feeling much better.  He stated he is ready to return to medical school in early April if he is allowed the opportunity to repeat Period 2. Mr. Nehme was allow to repeat Period 2 joining the class of 2021 and must remain on academic probation.

**Findings**:

After discussion, the MSEPC made the following findings:

1.   Mr. Nehme's academic performance continues to be of grave concern. He has failed Genes, Molecules and Cells (BMS 6001), Cardiovascular and Respiratory Systems (BMS 6633) and failed the remediation, he has failed System Based Practice (BMS 6067), and

failed the Psychiatry Clerkship (MDC 7830). In addition, he has shown poor performances in multiple Clerkship Shelf exams.

2.  There is a pattern of repeated academic failures, despite mitigating circumstances.

3.  Despite Mr. Nehme's poor academic performance, he was unable to articulate changes he could make to improve his academic performance.

**Adverse Recommendations:**

The following recommendations are adverse recommendations. The definition of an adverse recommendation is, "[a]ny MSEPC recommendation arising out of a medical student's failure to meet academic requirements or Professionalism Standards; an Adverse Recommendation mandates that a student take specific actions or refrain from taking specific actions." (HWCOM Medical Student Handbook, Appendix B Glossary)

1.  Mr. Nehme should be given the opportunity to voluntarily withdraw from medical school. If he does not elect to voluntarily withdraw, he will be involuntarily withdrawn from the HWCOM.  Mr. Nehme is not eligible to reapply for admission to HWCOM.

# EXHIBIT 12

Grounds for this appeal are based on the following facts and information, which I address in three sections below regarding violations of due process, new information, and excessive sanctions.

## 1. Due Process:

In a virtual hearing via the application "Zoom," the MSEPC violated due process hearing criteria set forth in the *HWCOM Medical Student Handbook* in at least two ways: (A) Dr. Helen Tempest inappropriately acted as MSEPC Chair of my virtual hearing on April 9, 2020. And, (B) there are no guidelines set forth on how to proceed with such severe decisions during a pandemic. I detail these two items in turn.

A:  I received a hearing notice via e-mail on April 1, 2020, which is attached in this e-mail. It clearly states that Dr. Roldan is the MSEPC Chair of the hearing. On April 8, 2020, I was invited by Dean Jones and Dean Havas to attend a virtual meeting over the application called "Zoom" in order to prepare me for the hearing, which was held the following day on April 9, 2020.

However, on the day of the meeting (April 9, 2020), even immediately prior to the meeting, the MSEPC failed to mention that Dr. Helen Tempest will act as sitting chair for my MSEPC Committee hearing. Indeed, this crucial fact was kept from me and it only became apparent to me that she was the Chair once the meeting had already begun.

That the MSEPC Committee failed to indicate that Dr. Tempest was going to act as Chair of the meeting is inappropriate, due to the preconceived notions Dr. Tempest holds towards me. Her pre-formed judgment of my character is formally documented in a PARS report she filed against me on December 15, 2017. Thus, had I been made aware of Dr. Tempest's involvement in the hearing during the preparatory meeting—or any of the e-mails leading up to the hearing—I would have objected to her involvement and attendance in the meeting. Moreover, Dr. Tempest should have rightfully recused herself from being in the meeting and partaking in the decision, *let alone be the acting Chair of the MSEPC Committee during my hearing.* Therefore, the MSEPC Committee violated the due process criteria set forth in the HWCOM Medical Student Handbook.

B:  Furthermore, there is no precedence on proper procedure regarding this kind of MSEPC meeting. This meeting, which resulted in severe and adverse recommendations, took place virtually over Zoom. It occurred during the COVID-19 pandemic, in a state of national emergency, as well as during my dedicated time for Step-1 studying. Under these circumstances, I was not given ample opportunity to accurately represent myself in person, which is not in accordance with the rules stated on page 11 of Appendix A, Section 7-a *"Notice of Hearing"* in the student handbook (see attached document titled: Student Handbook-Hearing Process).

## 2.  New information:

The MSEPC Committee expressed concern about "a pattern of poor performance" in my "Clerkship Shelf exams." And yet, the Committee's perceived "pattern" inappropriately characterizes my situation.

I now detail additional new information that was not mentioned, or was unavailable, to the MSEPC Committee.

In the first two years, I requested a voluntary medical leave of absence in order to address medical and personal family emergencies, which were the major contributing factors to my academic performance. I came back in the second year and passed all my classes without any difficulties. Furthermore, I started third year with the Internal Medicine clerkship, which is considered one of the more challenging clerkships. And indeed, I received exemplary reviews regarding my knowledge and professional behavior, as well as successfully passed the Shelf exam without having to repeat it. This is evidence of my competencies as a medical student. Moreover, in addition to receiving a commendation about my professionalism through the PARS system, my attendings provided stellar comments and feedback regarding my fund of knowledge and professionalism throughout Period 3, as evident in the attached document titled "E-value Compiled Evaluations."

However, as I stated during the meeting, the reason for remediation of the Family Medicine, Surgery, and Neurology clerkships is not due to my academic abilities. They are instead primarily the result of the following exceptional circumstances.

My performance on the Surgery Shelf exam was primarily due to my father's emergency medical issues, which occurred immediately (5 minutes prior) to walking into the exam.

Pertaining to the Family Medicine clerkship, I was leaving Baptist Health Primary Care located at 7400 Sw 87th Ave St. 260, Miami, FL 33173 on August 29, 2019, a location I was assigned to during this clerkship. There, I was involved in a car accident where I was hit by another driver. A report was filed against him, and I was not at fault (see attached document titled "Accident Report"). This required numerous physical therapy sessions, which occurred during the Family Medicine clerkship. My confidence in this clerkship was evident in my success of my remediation of my Family Medicine Shelf.

In regard to the Psychiatry Shelf remediation (March 2, 2020), I experienced a major building complex fire immediately prior to that exam. Considered one of the easiest Shelf exams to pass, only a minority fail or have to remediate it. At the same time, my standing in the class and my knowledge were reflected through my grade (93.86%), as well as my having earned a 100% on my OSCE, which is evidence of my competency in this clerkship. This information alone should indicate the severity of the toll this event had on my performance. Occurring immediately prior to the exam remediation, this incident shook me severely and played an undeniable role in the exam outcome. (Attached to this e-mail, see the document from the MDFR Public Records titled, "#0048933 - 911 Call information Sheet," which indicates the exact time of the fire).

Not only this, the following event is germane to my Psychiatry Shelf remediation, which occurred in the interim of my studying for it. On February 24, 2020, during my pediatrics

rotation and in the middle of taking care of patients, I received an e-mail regarding a Check-in meeting with Dean Havas and Dean Jones (see attached calendar screenshot titled, "Check-in meeting"). Towards the end of this meeting, I was instructed to report to the Student Health Center for a random drug test. I understand and respect the roles of OSA in ensuring student safety and the institution's protocols, as well as their right to perform random drug tests per the Student Handbook. However, the main reason this information is being brought forth is the timing of the test, which was one week prior to the Psychiatry Shelf remediation scheduled on March 2, 2020. The timing of the exam should have been taken under consideration. Indeed, the largely contemporaneous timing of the test and the meeting was a cause of further added and unnecessary stress, exacerbating an already challenging time during the Pediatrics clerkship, NHELP visits, and my preparation for the Psychiatry Shelf remediation.

**3. Severity of the sanction is clearly excessive in light of the offenses:**

The severity of the sanction is clearly excessive in light of the nature of the offenses and the totality of my academic performance and professionalism. I reiterate that throughout all of my clerkships during Period 3, the evaluations addressing my knowledge base and professionalism have been nothing but outstanding, as alluded to in section "2." I have also attached a number of additional evaluations to this e-mail (see attached document titled, "E-value Compiled Evaluations"). Indeed, the discrepancy between the MSEPC Committee's opinions about my supposed "pattern of poor performance," and the stellar evaluations by those professors and physicians who have first-hand knowledge of my academic achievements, capacities, and professionalism is incredibly jarring. In this light, and in light of the information detailed in sections "1" and "2," the MSEPC Committee's recommendation that I withdraw from Medical School appears unthorough and subjective.

To be sure, I find their recommendation to be excessive and distressing. This is especially so in the midst of my Step studying, where I have been extremely studious, constantly improving, professional, and have shown nothing but an eagerness to learn, even through these difficult times. It is even more so, given my markedly improved performance, which is evident throughout Periods 2 and 3, after having come back from my medical leave of absence.
I hope to have demonstrated that this extreme recommendation does not fit the offense, and I argue that this recommendation is out of proportion. It is meant to discourage and withdraw me from the healthcare profession, after almost 4 years of medical school, extreme dedication and perseverance, and hundreds of thousands of dollars of debt.

Throughout the past week, while writing this appeal, I have had the time to reflect upon all the experiences and situations I witnessed throughout medical school, especially Period 3. Indeed, I am incredibly humbled and appreciative of the fact that I have the opportunity to become a physician. My love for medicine has not waivered throughout all these experiences. Rather, it grows stronger and more steadfast. This is an honor that I take seriously, and one in which I take great pride.

In sum, I am appealing the decision recommended by the MSEPC and request to retake my psychiatry clerkship in order to demonstrate my knowledge and proficiency. Thus, I urge you to

consider the evidence and arguments presented and ask you to kindly reconsider the justice of this decision. I thank you for your time.

Sincerely,
Elie Nehme

### 7. Hearing Process for MSEPC.

a. **Notice of Hearing.** All hearing notices will be made in accordance with the notification provision set forth in this *HWCOM Medical Student Handbook*. Students will be provided a minimum of 5 business days (excluding legal holidays) prior written notice of the MSEPC meeting with the student to consider a matter within its jurisdiction except in cases of emergency or unless waived by the student. The notice will state:

- A description of the matter under consideration;
- The time, date, and place of the hearing;
- That the student will have the opportunity to review the documents that the MSEPC reviews to make its determination; and
- A list of witnesses the MSEPC will call, if any. The witness list may be modified by the MSEPC up to 36 hours before the hearing, and the student will be notified of any changes in the witness list. The MSEPC is not required to question witnesses listed. Students wishing to call witnesses should separately contact them; and
- That the student may call witnesses in accordance with the procedures set forth in this Appendix A.

**E-value Compiled Evaluations**



**Florida International University**
**Internal Medicine Clerkship**

**Student Evaluation**

| | | | |
|---|---|---|---|
| **Evaluator:** | Alberto Esquenazi - Attending Physician | **Subject:** | Elie Nehme - MS3 |
| **Activity:** | Internal Medicine Nephrology | **Site:** | Nephrology Practice (MKG) - Baptist |
| **Evaluation Type:** | Clinical Assessment of Student Performance | **Completion Date:** | 05/23/2019 |
| **Request Date:** | 05/09/2019 | | |
| **Period:** | CO 2021 R1 04/15/2019 - 04/26/2019 Two Week 2 | **Dates of Activity:** | 04/29/2019 To 05/09/2019 |
| **Subject Participation Dates:** | 04/29/2019 To 05/09/2019 | | |

If you have provided health care to this student or his/her family please **suspend** this evaluation.

By clicking Accept and completing this medical student evaluation, you are attesting to the fact that you have not been a health care provider for this student or his/her family.    *(Question 1 of 20  - Mandatory )*

| Selection | Option |
|---|---|
| X | Accept |

**Please comment on the strengths of this student's performance.**
**(Please try to be as descriptive as possible.)**    *(Question 2 of 20  - Mandatory )*

Eli is a wonderful student. Very eager and motivated. Interested in learning and never shy to ask any questions even though he seems like a shy person. Welcomes criticism in an effort to learn. Improved from beginning to end of rotation.

His fund of knowledge was very good and was able to readily access it.

He is good hearted and well meaning and patients responded very well to him.

We worked on all aspects of nephroloy care and I believe he learned a great deal.

The acid-base didactic time he had with Dr. Marcos Esquenazi was very fruitful and was able to get all problems correct.

---

**Florida International University**
**Internal Medicine Clerkship**

**Student Evaluation**

| | | | |
|---|---|---|---|
| **Evaluator:** | Amalia Mercedes Landa Galindez - Clerkship Director | **Subject:** | Elie Nehme - MS3 |
| **Activity:** | Internal Medicine Clerkship | **Site:** | Florida International University |
| **Evaluation Type:** | Clinical Assessment of Student Performance | **Completion Date:** | 07/05/2019 |
| **Request Date:** | 06/05/2019 | **Entered By:** | Melissa Armas |
| **Period:** | CO2021 Block B Rotation 1 | **Dates of Activity:** | 04/15/2019 To 06/07/2019 |
| **Subject Participation Dates:** | 04/15/2019 To 06/07/2019 | | |

If you have provided health care to this student or his/her family please **suspend** this evaluation.

By clicking Accept and completing this medical student evaluation, you are attesting to the fact that you have not been a health care provider for this student or his/her family.    *(Question 1 of 20  - Mandatory )*

| Selection | Option |
|---|---|
| X | Accept |

**Please comment on the strengths of this student's performance.**
**(Please try to be as descriptive as possible.)**    *(Question 2 of 20 - Mandatory )*

Elie Nehme successfully completed his Internal Medicine Clerkship, his first third year rotation. He was very enthusiastic towards learning and responded well to feedback. Faculty preceptors highlighted his commitment to patient care and his proactive attitude with a desire to improve. One hospitalist faculty preceptor noted, "Elie has a good medical base knowledge, a great disposition and great bedside manners. He was truly concerned about his patients and wanted to continue following them throughout their hospital course." His nephrology faculty preceptor had very positive comments about his performance "Elie is a wonderful student. He is very eager and motivated. He is interested in learning and never shy to ask any questions, even though he seems like a shy person. He welcomes criticism in an effort to learn. He improved from beginning to end of the rotation. His fund of knowledge was very good and he was able to readily access it. He is goodhearted and patients responded very well to him. We worked on all aspects of nephrology care and I believe he learned a great deal." Another nephrology preceptor added that he "demonstrated a great deal of motivation to learn and was able to understand complex acid base disturbances." His infectious disease preceptor added that Elie is "committed to learning. He adapts quickly and makes needed adjustments following feedback." To summarize, Elie worked hard during his IM Clerkship. He showed great improvement and response to feedback, with a great disposition and commitment to patient care. He will continue to grow and develop as he progresses through third year, and should be a fine future physician.

**Florida International University**
**Obstetrics and Gynecology Clerkship**

**Student Evaluation**

| Evaluator: | Ileana Perez - Attending Physician | Subject: | Elie Nehme - MS3 |
|---|---|---|---|
| Activity: | Obstetrics & Gynecology | Site: | Private Practice |
| Evaluation Type: | Clinical Assessment of Student Performance | Completion Date: | 01/17/2020 |
| Request Date: | 12/15/2019 | | |
| Period: | CO2021 Block B Rotation 5 | Dates of Activity: | 11/12/2019 To 12/20/2019 |
| Subject Participation Dates: | 11/12/2019 To 12/20/2019 | | |

If you have provided health care to this student or his/her family please suspend this evaluation.

By clicking Accept and completing this medical student evaluation, you are attesting to the fact that you have not been a health care provider for this student or his/her family.    *(Question 1 of 22  - Mandatory )*

| Selection | Option |
|---|---|
| X | Accept |

**Please comment on the strengths of this student's performance.**
(Please try to be as descriptive as possible.)   *(Question 2 of 22  - Mandatory )*

Mrs. Nehme was a great student, very involved in all aspects of patient care, asked very inquisitive questions, always punctual and with great bedside manners. Great patient presentations, very detailed oriented.

**Please comment on areas of this student's performance that need improvement.**   *(Question 3 of 22  - Mandatory )*

He was encouraged to get involved in research in the specialty he wants to pursue.

**What procedures, if any, did you perform with this student?**   *(Question 4 of 22  - Mandatory )*

Foley catheter placement, speculum exams, assisted in cesarean sections, hysteroscopies.

**Please comment on one patient encounter with this student that stands out to you.**   *(Question 5 of 22  - Mandatory )*

Mr Nehme was very involved in patient care, physically helping patients to get out of bed and move to start ambulating after surgery. He was also pleasant and seemed the rotation. He showed up to observe surgical procedures early in the morning on Fridays before going to his didactic lectures.

---

**Florida International University**
**Obstetrics and Gynecology Clerkship**

**Student Evaluation**

| Evaluator: | Emery Salom - Clerkship Director | Subject: | Elie Nehme - MS3 |
|---|---|---|---|
| Activity: | Obstetrics & Gynecology | Site: | Private Practice |
| Evaluation Type: | Clinical Assessment of Student Performance | Completion Date: | 01/17/2020 |
| Request Date: | 12/15/2019 | | |
| Period: | CO2021 Block B Rotation 5 | Dates of Activity: | 11/12/2019 To 12/20/2019 |
| Subject Participation Dates: | 11/12/2019 To 12/20/2019 | | |

If you have provided health care to this student or his/her family please suspend this evaluation.

By clicking Accept and completing this medical student evaluation, you are attesting to the fact that you have not been a health care provider for this student or his/her family.    *(Question 1 of 22  - Mandatory )*

| Selection | Option |
|---|---|
| X | Accept |

**Please comment on the strengths of this student's performance.**
(Please try to be as descriptive as possible.)   *(Question 2 of 22  - Mandatory )*

Elie Nahme is a medical student who has met all milestones during his third-year obstetrics and gynecologic rotation. He is kind, caring and compassionate with a good bedside manner and professional demeanor. He was able to take and present a complete medical history with an emphasis on ob/gyn as well as a physical exam. He is honing his skills for all aspects of clinical care and showed improvement in history and presentation skills throughout the rotation. He provided appropriate presentations on various gynecologic and oncologic topics including cervical cancer screening, abnormal pap smear management, and cervical cancer diagnosis, and treatment. At the end of the rotation he was able to diagnosis and manage simple and some complex cases in the gynecology. Elie is a great human being and has a professional demeanor.

**Florida International University**
**Psychiatry Clerkship**

**Student Evaluation**



| | | | |
|---|---|---|---|
| **Evaluator:** | Regina Carney - Attending Physician | **Subject:** | Elie Nehme - MS3 |
| **Activity:** | 2 - V.A. Inpatient | **Site:** | Miami VA Healthcare System |
| **Evaluation Type:** | Clinical Assessment of Student Performance | **Completion Date:** | 03/13/2020 |
| **Request Date:** | 02/10/2020 | | |
| **Period:** | CO2021 R7 - Block 28 + 3 | | |
| **Subject Participation Dates:** | 01/27/2020 **To** 02/11/2020 | **Dates of Activity:** | 01/27/2020 **To** 02/11/2020 |

**If you have provided health care to this student or his/her family please suspend this evaluation.**

By clicking Accept and completing this medical student evaluation, you are attesting to the fact that you have not been a health care provider for this student or his/her family.   *(Question 1 of 23  - Mandatory )*

| Selection | Option |
|---|---|
| X | Accept |

**Please comment on the strengths of this student's performance.**
**(Please try to be as descriptive as possible.)   *(Question 2 of 23  - Mandatory )***

Eli was a team player and put forth an excellent effort to be engaged with the patients and the material. He was able to recognize and be sensitive to the needs of all on the unit, and was highly motivated to improve and contribute. His knowledge base was good and he sought out cases to learn from. He was consistently prepared and composed.

**Please comment on one patient encounter with this student that stands out to you.**
**(Please try to be as descriptive as possible.)   *(Question 5 of 23  - Mandatory )***

Elie handled a patient with notably maladaptive and externalizing traits very adeptly, managing the patient's demands with a composed and pleasant demeanor. Despite the patient's actions evoking strong countertransference in the team, Elie accurately identified and processed these reactions while remaining professional at all times.

---

**Florida International University**
**Surgery Clerkship**

**Student Evaluation**

| | | | |
|---|---|---|---|
| **Evaluator:** | Juan Ruan - Attending Physician | **Subject:** | Elie Nehme - MS3 |
| **Activity:** | Surgery - Anesthesiology Subspecialty Baptist Health | **Site:** | West Kendall Baptist Hospital |
| **Evaluation Type:** | Subspecialty Evaluation - Anesthesiology | **Completion Date:** | 07/19/2019 |
| **Request Date:** | 07/18/2019 | | |
| **Period:** | CO 2021-R2 (7/8 - 7/18) | | |
| **Subject Participation Dates:** | 07/08/2019 **To** 07/18/2019 | **Dates of Activity:** | 07/08/2019 **To** 07/18/2019 |

*(Question 1 of 4 - Mandatory )*

| | Strongly Agree | Somewhat Agree | Neutral | Somewhat Disagree | Strongly Disagree | Not Applicable |
|---|---|---|---|---|---|---|
| Student arrived on time & in proper Attire | >> X << | 4.0 | 3.0 | 2.0 | 1.0 | 0 |
| Student was respectful towards Attending and staff | >> X << | 4.0 | 3.0 | 2.0 | 1.0 | 0 |
| Student was able to gather History and Physical exam, including a proper evaluation of Co-Morbidities & a basic understanding of their implications | >> X << | 4.0 | 3.0 | 2.0 | 1.0 | 0 |
| Student was able to evaluate an airway & have a basic recognition of the potential difficult airways | >> X << | 4.0 | 3.0 | 2.0 | 1.0 | 0 |
| Student was proactive in seeking learning opportunities | >> X << | 4.0 | 3.0 | 2.0 | 1.0 | 0 |
| Student was able to mask ventilate | >> X << | 4.0 | 3.0 | 2.0 | 1.0 | 0 |
| Student was able to have a basic understanding of different Anesthetic techniques | >> X << | 4.0 | 3.0 | 2.0 | 1.0 | 0 |
| Student was able to have a basic understanding of Fluid resuscitaion | >> X << | 4.0 | 3.0 | 2.0 | 1.0 | 0 |

Please describe any strengths and/or areas in which the student needs improvement:   *(Question 2 of 4 - Mandatory )*

Great student

Total NASPC Raw Score   *(Question 3 of 4 - Mandatory )*

40

Percent Equivalent   *(Question 4 of 4 - Mandatory )*

100

**Florida International University**
**Surgery Clerkship**

**Student Evaluation**



| | | | |
|---|---|---|---|
| Evaluator: | Hatem Zayed - Attending Physician | Subject: | Elie Nehme - MS3 |
| Activity: | Surgery - Anesthesiology Subspecialty Baptist Health | Site: | West Kendall Baptist Hospital |
| Evaluation Type: | Subspecialty Evaluation - Anesthesiology | Completion Date: 07/22/2019 | |
| Request Date: | 07/18/2019 | | |
| Period: | CO 2021-R2 (7/8 - 7/18) | Dates of Activity: | 07/08/2019 To 07/18/2019 |
| Subject Participation Dates: | 07/08/2019 To 07/18/2019 | | |

*(Question 1 of 4 - Mandatory )*

| | Strongly Agree | Somewhat Agree | Neutral | Somewhat Disagree | Strongly Disagree | Not Applicable |
|---|---|---|---|---|---|---|
| Student arrived on time & in proper Attire | >> X << | 4.0 | 3.0 | 2.0 | 1.0 | 0 |
| Student was respectful towards Attending and staff | >> X << | 4.0 | 3.0 | 2.0 | 1.0 | 0 |
| Student was able to gather History and Physical exam, including a proper evaluation of Co-Morbidities & a basic understanding of their implications | >> X << | 4.0 | 3.0 | 2.0 | 1.0 | 0 |
| Student was able to evaluate an airway & have a basic recognition of the potential difficult airways | >> X << | 4.0 | 3.0 | 2.0 | 1.0 | 0 |
| Student was proactive in seeking learning opportunities | >> X << | 4.0 | 3.0 | 2.0 | 1.0 | 0 |
| Student was able to mask ventilate | >> X << | 4.0 | 3.0 | 2.0 | 1.0 | 0 |
| Student was able to have a basic understanding of different Anesthetic techniques | >> X << | 4.0 | 3.0 | 2.0 | 1.0 | 0 |
| Student was able to have a basic understanding of Fluid resuscitaion | >> X << | 4.0 | 3.0 | 2.0 | 1.0 | 0 |

Please describe any strengths and/or areas in which the student needs improvement:   *(Question 2 of 4 - Mandatory )*

willing to learn, professional, very good knowledge base

Total NASPC Raw Score   *(Question 3 of 4 - Mandatory )*

40

Percent Equivalent   *(Question 4 of 4 - Mandatory )*

100

**Accident Report**



## Driver Information Exchange

| INVESTIGATING AGENCY | OFFICER'S NAME / (ID) | AGENCY RPT NO. | REPORT ID |
|---|---|---|---|
| Miami-Dade PD | OFC. J. GONZALEZ / 7134 | PD190829310258 | 88891877 |

| COUNTY | CITY OR TOWNSHIP | CRASH LOCATION ADDRESS | CRASH DATE |
|---|---|---|---|
| MIAMI-DADE | UNINCORPORATED | SW 87TH AVE | 08/29/19 |

### Unit 1

| DRIVER'S NAME (Last, First, M.I.) | DRIVER'S PHONE | YEAR, MAKE, MODEL | |
|---|---|---|---|
| QUIRCH, JOSE, A. | (786)301-8687 | 2015 FORD | FUSION |

| DRIVER'S ADDRESS (Street, City, State, Zip) | PLATE NO. / STATE | DRIVER'S LICENSE NO. |
|---|---|---|
| 12420 SW 186 ST, MIAMI, FL, 33177 | HNBG76 FL | Q620421492420 |

| VEHICLE OWNER'S NAME (Last, First, M.I.) | VEHICLE OWNER'S INSURANCE |
|---|---|
| CHAVEZ, MAIKEL | GEICO GENERAL INSURANCE COMPANY |

| VEHICLE OWNER'S ADDRESS (Street, City, State, Zip) | VEHICLE OWNER'S POLICY NO. |
|---|---|
| 12420 SW 186TH ST, MIAMI, FL, 33177 | 4008771513 |

### Unit 2

| DRIVER'S NAME (Last, First, M.I.) | DRIVER'S PHONE | YEAR, MAKE, MODEL | |
|---|---|---|---|
| NEHME, ELIE, T. | (561)386-9508 | 2018 JEEP | WRG |

| DRIVER'S ADDRESS (Street, City, State, Zip) | PLATE NO. / STATE | DRIVER'S LICENSE NO. |
|---|---|---|
| 8112 BAUTISTA WAY PALM BEACH GARDENS, FL, 33418 | JUBT62 FL | N500218921650 |

| VEHICLE OWNER'S NAME (Last, First, M.I.) | VEHICLE OWNER'S INSURANCE |
|---|---|
| NEHME, TONY, A. | PROGRESSIVE SELECT INSURANCE COMPANY |

| VEHICLE OWNER'S ADDRESS (Street, City, State, Zip) | VEHICLE OWNER'S POLICY NO. |
|---|---|
| 212 NEWMAN RD, LAKE PARK, FL, 33403 | 917210852 |

### Unit 3

| DRIVER'S NAME (Last, First, M.I.) | DRIVER'S PHONE | YEAR, MAKE, MODEL |
|---|---|---|
| | | |

| DRIVER'S ADDRESS (Street, City, State, Zip) | PLATE NO. / STATE | DRIVER'S LICENSE NO. |
|---|---|---|
| | | |

| VEHICLE OWNER'S NAME (Last, First, M.I.) | VEHICLE OWNER'S INSURANCE |
|---|---|
| | |

| VEHICLE OWNER'S ADDRESS (Street, City, State, Zip) | VEHICLE OWNER'S POLICY NO. |
|---|---|
| | |

### Unit 4

| DRIVER'S NAME (Last, First, M.I.) | DRIVER'S PHONE | YEAR, MAKE, MODEL |
|---|---|---|
| | | |

| DRIVER'S ADDRESS (Street, City, State, Zip) | PLATE NO. / STATE | DRIVER'S LICENSE NO. |
|---|---|---|
| | | |

| VEHICLE OWNER'S NAME (Last, First, M.I.) | VEHICLE OWNER'S INSURANCE |
|---|---|
| | |

| VEHICLE OWNER'S ADDRESS (Street, City, State, Zip) | VEHICLE OWNER'S POLICY NO. |
|---|---|
| | |

**This report will be available for purchase by you or your insurance company at www.AuthorizeTransaction.com**

(REV 02/10)

**#0048933 - 911 Call information Sheet**

911 Call Information

### Alarm Detail

| Alarm Number | Received Date | Received Date 911 |
|---|---|---|
| 0048933 | 03/02/2020 07:29:16 | 03/02/2020 07:28:43 |

| Address of Incident | Grid | Municipality |
|---|---|---|
| 8826 W FLAGLER ST | 1351 | COUNTY |

| Action Taken | Property Class | Dollar Loss |
|---|---|---|
| | | |

| TSR | TSF | Signal |
|---|---|---|
| | | 49AR |

| RCR | | RCF |
|---|---|---|
| | | |

| Complainant Name | Phone | Address |
|---|---|---|
| ███████ | ███████ | ███████ |

**Remarks**

Incident Initiated By: PD/ROLAND,VIRGELINE S;Original Location : CENTURY PARK CONDOS;Incident Closed: 20/03/02 08:11

### Unit Detail

| Unit Number | Type of Dispatch | Dispatch Date | Enroute Date | Arrive Date | Return Date | Hospital |
|---|---|---|---|---|---|---|
| L29 | TO INCIDENT | 03/02/2020 07:30:08 | 03/02/2020 07:31:38 | 03/02/2020 07:38:55 | 03/02/2020 08:11:03 | |

## Check-in meeting



# EXHIBIT 13

- Suspend the student or place the student on leave of absence for a specified time or until specific conditions are met
- Expel or involuntarily withdraw the student.

The MSEPC may recommend to the Dean removal of a student's probation once the student has fulfilled the conditions of probation.

In the event that the MSEPC recommends suspension, expulsion or involuntary withdrawal, the student may be placed on an involuntary leave of absence during the hearing and appeal process.

**9. Notice of Recommendation to Student.** The MSEPC findings and recommendations with modifications, if any, will be sent to the affected student within 10 business days of conclusion of the hearing.

**10. Recommendation to the Dean and Right to Appeal.** Students have the right to appeal Adverse Recommendations of the MSEPC by submitting a request for appeal as provided in the appeals process. If the student does not appeal in a timely fashion, the MSEPC will forward the written findings and recommendations to the Dean for his or her review. The Dean will review and affirm or amend the findings and recommendations. In the event that the Dean modifies the recommendation resulting in the imposition of additional sanctions, the student may appeal the Dean's determination to the Appeals Committee in accordance with this *HWCOM Medical Student Handbook*. Once the Dean has affirmed or amended the MSEPC findings and recommendations, the Dean's decision shall be final agency action unless the Dean's imposition of additional sanctions triggers a right to appeal as provided herein. Once the Dean's determination has been made, the affected student will be notified of the determination by the Executive Associate Dean for Student Affairs. Such notice shall describe the student's right to appeal to the Provost.

▶▶▶▶   *F. Appeals Process*

**1. The Appeals Committee.**

    **a.  Statement of Purpose.** The Appeals Committee is the forum for medical students to appeal recommendations of the MSEPC and recommendations of the Grievance Committee that are Adverse Recommendations as defined herein. Any student affected by an Adverse Recommendation of the MSEPC is entitled to appeal.

    **b.  Composition and Selection of the Appeals Committee.** The Appeals Committee shall have seven voting members. The members must be faculty members and will be appointed by the Dean. The Executive Associate Dean for Academic Affairs is the Chair of the Appeals Committee and is designated as the appellate officer. In the event that the Executive Associate Dean for Academic Affairs is not available, he or she may appoint a Chair for the meeting.

Any person who has participated in the MSEPC or the Grievance Committee with respect to the matter under appeal or who has otherwise been involved in the evaluation of the incident that triggered an appeal must recuse himself or herself from consideration of the matter under appeal.

    **c.** **Quorum and Voting.** A quorum is more than 50 percent of the voting members of the committee. A recommendation is adopted when approved by a simple majority of the members of the committee.

**2. Grounds for Appeal.** Requests for appeal must be written and be based on one or more of the following:

    **a.** Material failure to provide a student his or her due process rights as set forth in this *HWCOM Medical Student Handbook* that affected the outcome of the hearing. Such appeals will be limited to a review of the record of the hearing.

    **b.** New information, which was not available at the time of the hearing and therefore could not be presented. The student must show that the new information is likely to have substantially affected the outcome of the hearing. The nature of the information must be described in full detail in the written request for appeal, including an explanation of the reason the information could not have been presented at the hearing.

    **c.** For MSEPC or Dean's recommendations alone, the severity of the sanction is clearly excessive in light of the nature of the offense and the totality of the student's academic performance, including indicia of professionalism.

**3. Procedure to Request an Appeal.** When appealing an adverse recommendation of the MSEPC or the Grievance Committee, a medical student must follow the process established in this Appendix A; he or she must deliver a letter requesting appeal to the Executive Associate Dean for Academic Affairs, who serves as the Chair of the Appeals Committee. The letter requesting appeal must be delivered within 10 business days of the date that the notification of the decision triggering a right to appeal is sent to the medical student.

**4. Appeals Committee Responsibilities and Actions.** The following procedures shall govern the appeals process:

    **a.** **Filing Request for Appeal.** The student's request for appeal must state the grounds (as provided above) upon which the appeal is based, the facts supporting the student's assertion, and a request for specific relief from the determination being appealed. The burden of proof rests with the student to clearly demonstrate that an error occurred during the MSEPC or Grievance Committee hearing process. The appeals process is not a rehearing of the matter under appeal and shall be based solely on the documents considered by the

MSEPC (or Grievance Committee), the determinations of the MSEPC (or Grievance Committee), and the documents submitted by the student.

b. **Appellate Review.** The Executive Associate Dean for Academic Affairs is the Chair of the Appeals Committee and is designated as the appellate officer. The appellate officer shall convene a meeting of the Appeals Committee within 10 business days from the date that an appeal was properly requested. The Appeals Committee shall meet and shall determine whether the student's written request for appeal demonstrated by a preponderance of the evidence (more likely than not) that the grounds stated in this Appeals Process were met.

c. **Written Recommendations.** The Appeals Committee will provide its written recommendations to the Dean, the Executive Associate Dean for Student Affairs, and the Executive Associate Dean for Academic Affairs within 10 business days of the date of the meeting of the Appeals Committee.

**5. Dean's Determination.** The Dean will review the Appeals Committee's recommendation and affirm, amend, and/or remand to the Appeals Committee or MSEPC for specific consideration of the reason(s) for the remand. Once the Dean has affirmed or amended the Appeals Committee's recommendation, the Dean's decision shall be final agency action unless the student appeals the determination of the Appeals Committee to the Provost pursuant to section 7 below. Except in the case of an imposition of an involuntary leave of absence, the student's status will remain unchanged and all sanctions placed on hold during the appeals process. However, if the MSEPC recommends suspension or involuntary withdrawal, the affected student will not continue to participate in clinical activities.

**6. Notification of Dean's Determination.** The HWCOM Office of Student Affairs will provide official notification to the student of the Dean's decision within 3 business days of receiving the signed paperwork from the Dean. The Dean has the responsibility to ensure due process is followed in all disciplinary actions undertaken on behalf of medical students. This determination shall constitute final agency action unless the student appeals the determination of the Appeals Committee to the Provost in accordance with this policy. In the case of dismissal, the student will be removed from all courses or clerkships at that time. The official effective date of the dismissal will be the date of the decision of the Dean.

**7. Grounds to Appeal the Determination of the Appeals Committee to the Provost.** A student may appeal the determination of the Appeals Committee to the Provost within 5 business days of the issuance of the decision by the Dean in the event that there was a material failure to provide the student his or her due process rights as set forth in this *HWCOM Medical Student Handbook* that affected the outcome of the hearing. Appeals to the Provost will be limited solely to a review of the record of the hearing. If the Provost finds that no grounds exist for an appeal, the Dean's determination

shall be affirmed and the Provost's decision will constitute final agency action.

 ### G. Student Mistreatment and Grievances

**1. Student Mistreatment.** Medical students, faculty and staff have the ability to file complaints against faculty or staff members alleging behavior that constitutes student mistreatment. There are three processes for handling allegations of student mistreatment. Based on their nature, incident reports are forwarded to the appropriate individuals or offices for investigation and action. The processes are:

   a. **Student Mistreatment Constituting a violation of FIU Regulations Governing Sexual Misconduct, Discrimination, Harassment, and Related Misconduct.** Allegations of sexual misconduct or discrimination will be reported to the FIU Office of Equal Opportunity Programs and Diversity. Consistent with Federal Law and Florida Statute, FIU regulations state that the university is prohibited from giving differential consideration based on age, color, creed, disability, gender, gender expression, gender identity, genetic information, national origin, race, religion, sex, sexual orientation, veteran status, or any other legally protected status.

   Medical student grievances against faculty, staff, or other students involving discrimination, harassment, or sexual misconduct are governed by University Policy and the Equal Opportunity in Education Act, commonly known as Title IX. Any student who has experienced or person who has witnessed discrimination, harassment, or sexual misconduct by a faculty member, staff, or student can file a Title IX complaint with the FIU Office of Equal Opportunity Programs and Diversity by filing an anonymous complaint using the Ethical Panther Reporting Hotline at 844-312-5358 or online at https://compliance.fiu.edu/hotline.html. A student may also speak with a Title IX Coordinator by calling 305-348-1509.

   b. **Student Mistreatment Affecting Grades Triggering a Right to Formal Grievance Hearing.** Medical students may request a formal hearing for student mistreatment affecting grades or evaluations as provided in this Appendix A. In addition, medical students have a right to file a grievance against a faculty member on the basis of receiving a grade that was awarded on an arbitrary and capricious basis even if the faculty member awarding the grade did not mistreat the student also as provided in this Appendix A. In the event that the student is under review by the MSEPC for poor grades or a PIR has been filed against a student, the student may provide information to the MSEPC regarding the grade grievance.

   c. **Student Mistreatment Not a Violation of FIU Regulations and not Affecting Grades or Evaluations.** An informal process is described in this Appendix A to address student mistreatment that is

# EXHIBIT 14

**FIU** | **Herbert Wertheim College of Medicine**

---

**Privileged and Confidential Education Record**
**Protected by Federal Education Rights and Privacy Act**

---

To:    Robert Sackstein, MD, PhD
        Senior Vice President for Health Affairs and
        Dean, Herbert Wertheim College of Medicine

From:   Carolyn D. Runowicz, MD
        Appeals Committee Chair
        Executive Associate Dean for Academic Affairs

cc:      Karin Esposito, MD, PhD
        Executive Associate Dean for Student Affairs

Date:   May 5, 2020

Re:     Medical Student Elie Nehme

---

**Background:**

On May 1, 2020, the Herbert Wertheim College of Medicine Appeals Committee met to consider Elie Nehme's appeal of the April 9, 2020 determination of the Medical Student Evaluation and Promotion Committee (MSEPC). The MSEPC recommended that Mr. Nehme should be given the opportunity to voluntarily withdraw from medical school or be involuntarily withdrawn. Mr. Nehme's grounds for appeal were as follows: "material failure to provide [him] with due process rights as set forth in the Student Handbook, which affected the outcome of the hearing; new information which was not made available at the time of the hearing and therefore could not be properly represented; and the severity of the sanction is clearly excessive in light of the nature of the offense and the totality of [his] academic performance including indicia of professionalism."

The Appeals Committee reviewed the following information:

1. The documents available to the MSEPC at the April 9, 2020, hearing (attached as Attachment A);
2. The MSEPC recommendations from the April 9, 2020, hearing (attached as Attachment B);
3. Mr. Nehme's appeal letter (Attachment C).

**Findings:**

1. The Appeals Committee did not find that there was a material failure to provide Mr. Nehme's due process rights as set forth in the *HWCOM Medical Student Handbook*. Mr. Nehme received a hearing notice on April 1, 2020, which listed all MSEPC committee members including Dr. Helen Tempest. He was provided ample time to challenge Dr. Tempest's participation in the MSEPC hearing.



**Privileged and Confidential Education Record**
**Protected by Federal Education Rights and Privacy Act**

The *HWCOM Medical Student Handbook* states "Students will be provided a minimum of 5 business days (excluding legal holidays) prior written notice of the MSEPC meeting with the student to consider a matter within its jurisdiction except in cases of emergency or unless waived by the student" (Page A-11). The emergency in this statement does not refer to an external emergency but rather refers to scheduling an emergency meeting. The Student Handbook does not specify that a meeting of the MSEPC needs to be in person.

2. According to the *HWCOM Medical Student Handbook*, the new information must have not been available at the time of the MSEPC hearing and therefore could not be presented. The student must show that the new information is likely to have substantially affected the outcome of the hearing (Page A-15). The Appeals Committee finds that there was no new information presented that was not available at the time of the meeting or that is likely to have substantially affected the outcome of the hearing.

3. In light of Mr. Nehme's overall academic and professional performance, the Appeals Committee finds that the severity of the sanction of providing him the opportunity to voluntarily withdraw from medical school or be involuntarily withdrawn is not excessive in light of the nature of the offense and the totality of the student's academic performance including indicia of professionalism.

**Recommendation:**

The Appeals Committee recommends adopting the April 9, 2020 recommendations of the MSEPC that Mr. Nehme should be given the opportunity to voluntarily withdraw from medical school or be involuntarily withdrawn.

This recommendation will be forwarded to the Dean of the Herbert Wertheim College of Medicine for his review to affirm, amend and/or remand to the Appeals Committee.

# EXHIBIT 15



Privileged and Confidential

May 8, 2020

Elie Nehme
8112 Bautista Way
Palm Beach Gardens, FL 33418

*<<Via E-Mail to enehm002@fiu.edu >>*

Dear Mr. Nehme:

I am writing to notify you regarding the determination of the Appeals Committee as agreed to by Dean Sackstein.

The Appeals Committee findings were as follows:

1.  The Appeals Committee did not find that there was a material failure to provide Mr. Nehme's due process rights as set forth in the *HWCOM Medical Student Handbook*. Mr. Nehme received a hearing notice on April 1, 2020, which listed all MSEPC committee members including Dr. Helen Tempest. He was provided ample time to challenge Dr. Tempest's participation in the MSEPC hearing.

    The *HWCOM Medical Student Handbook* states "Students will be provided a minimum of 5 business days (excluding legal holidays) prior written notice of the MSEPC meeting with the student to consider a matter within its jurisdiction except in cases of emergency or unless waived by the student" (Page A-11). The emergency in this statement does not refer to an external emergency but rather refers to scheduling an emergency meeting. The Student Handbook does not specify that a meeting of the MSEPC needs to be in person.

2.  According to the *HWCOM Medical Student Handbook*, the new information must have not been available at the time of the MSEPC hearing and therefore could not be presented. The student must show that the new information is likely to have substantially affected the outcome of the hearing (Page A-15). The Appeals Committee finds that there was no new information presented that was not available at the time of the meeting or that is likely to have substantially affected the outcome of the hearing.

3.  In light of Mr. Nehme's overall academic and professional performance, the Appeals Committee finds that the severity of the sanction of providing him the opportunity to voluntarily withdraw from medical school or be involuntarily withdrawn is not excessive in light of the nature of the offense and the totality of the student's academic performance including indicia of professionalism.

The Appeals Committee recommendation was as follows:

1.  The Appeals Committee recommends adopting the April 9, 2020 recommendations of the MSEPC that Mr. Nehme should be given the opportunity to voluntarily withdraw from medical school or be involuntarily withdrawn.

FIU_000332

Dean Sackstein has reviewed the Appeals Committee recommendation regarding your appeal and has affirmed the Appeals Committee recommendation.

This letter serves as notification of the outcome of your appeal.  You may appeal the determination to the Provost within five (5) business days of the issuance of the decision by the Dean in the event there was a material failure to provide due process rights as set forth in the *HWCOM Medical Student Handbook (see F. Appeals Process, pg. A-16)*.

Sincerely,

Karin Esposito, MD, PhD
Executive Associate Dean for Student Affairs

Enclosure: Appeals Committee Determination

**FIU** | Herbert Wertheim
College of Medicine

**Privileged and Confidential Education Record**
**Protected by Federal Education Rights and Privacy Act**

To:         Karin Esposito, MD, PhD
                Executive Associate Dean for Student Affairs

From:      Robert Sackstein, MD, PhD
                Senior Vice President for Health Affairs and
                Dean, Herbert Wertheim College of Medicine

cc:          Eneida O. Roldan, MD, MPH, MBA
                Chair, Medical Student Evaluation and Promotion Committee

Date:      May 6, 2020

Re:        Medical Student Elie Nehme

I am in receipt of the attached Appeals Committee recommendation regarding Elie Nehme.   I have reviewed the documents and the Appeals Committee recommendation.  Mr. Nehme's grounds for appeal were as follows: material failure to provide [him] with due process rights as set forth in the Student Handbook, which affected the outcome of the hearing; new information which was not made available at the time of the hearing and therefore could not be properly represented; and the severity of the sanction is clearly excessive in light of the nature of the offense and the totality of [his] academic performance including indicia of professionalism.

After review of all facts, I am in agreement with and affirm the Appeals Committee recommendation to adopt the recommendations of the MSEPC from the April 9, 2020 hearing.

# EXHIBIT 16



April 1, 2020

Elie Nehme
8112 Bautista Way
Palm Beach Gardens, FL 33418

*<<Via email to enehm002@fiu.edu >>*

RE: Notice of Hearing

Dear Mr. Nehme:

The Medical Student Evaluation and Promotion Committee (MSEPC) will meet virtually on **Thursday, April 9, 2020**, to evaluate your overall academic progress.  **Please join the Zoom meeting (link will be sent via email) at 1:50 pm.**  You will have the opportunity to review the records that the MSEPC will be reviewing as part of this evaluation. The records are available to you electronically beginning Monday, April 6, 2020.  Please contact Dalia Perez ([dalperez@fiu.edu](mailto:dalperez@fiu.edu)) if you would like to review the file and we will make it available to you.

You may have "virtual" support with an individual who is not a lawyer at the virtual MSEPC hearing to provide advice and support.  The individual will not have the right to directly address the committee members or cross-examine any witnesses.  The MSEPC may call witnesses to attend this meeting to provide information to the committee about the incident.  You may ask witnesses questions and elicit information. At least 36 hours prior to the MSEPC meeting, you will receive a list of any witnesses the MSEPC asks to attend.  You will have the opportunity to question any witnesses who appear and to address the MSEPC.  In addition, you may bring relevant witnesses to the meeting.  Please note that the Chair of the MSEPC is entitled to exclude witnesses in accordance with the provisions of the HWCOM Medical Student Handbook.

If you fail to virtually attend the hearing, it will proceed without you.   The possible actions that may be taken by the MSEPC are set forth in the *HWCOM Medical Student Handbook*, MSEPC Recommendations.

**It is requested that you do not film or record this virtual meeting.**

Sincerely,

Eneida O. Roldan, MD, MPH, MBA
Chair, Medical Student Evaluation and Promotion Committee

HERBERT WERTHEIM COLLEGE OF MEDICINE

Modesto A. Maidique Campus, 11200 S.W. 8th St., AHC II 693, Miami, FL 33199 • Tel: 305.348.0570 • Fax: 305.348.0123 • medicine.fiu.edu

Florida International University is an Equal Opportunity/Access Employer and Institution • TDD via FRS 1.800.955.8771

FIU_000617



## <u>Challenge to MSEPC Member's Participation in a Hearing</u>

The following is a list of MSEPC members.  This list is provided to you for informational purposes only to assist in determining whether facts can be asserted demonstrating the existence of unwarranted bias, such as conflict of interest or animosity.  Please note an unwarranted bias would not include the granting of a failing grade in a course.

You are prohibited from discussing the hearing with any of the members of the MSEPC outside of the hearing other than the MSEPC Chair.

If you believe that a member has an unwarranted bias against you, please contact MSEPC Chair Dr. Roldan in writing at least three business days prior to the scheduled hearing and assert facts that show actual unwarranted bias that would preclude a fair and impartial hearing (for details please see 7.b. Hearing Procedure, ii. Challenge to MSEPC Member's Participation in a Hearing, pg. A-12 of the *HWCOM Medical Student Handbook*).  In the event of a challenge to the participation of Dr. Roldan, please contact Executive Associate Dean for Academic Affairs Dr. Carolyn Runowicz.  The determination of the MSEPC Chair or EADAA as applicable shall be final.

<u>MSEPC Members</u>

Eneida Roldan, MD – Chair
Gagani Athauda, MD
Daniel Castellanos, MD
Amalia Landa Galindez, MD
Darren Kaufman, MD
Jorge Camilo Mora, MD
Gregory Schneider, MD
Sarah Stumbar, MD
Helen Tempest, PhD
Rebecca Martinez, MD
Dorothy Contiguglia-Akcan, MD

HERBERT WERTHEIM COLLEGE OF MEDICINE

Modesto A. Maidique Campus, 11200 S.W. 8th St., AHC II 693, Miami, FL 33199 • Tel: 305.348.0570 • Fax: 305.348.0123 • medicine.fiu.edu

Florida International University is an Equal Opportunity/Access Employer and Institution • TDD via FRS 1.800.955.8771