UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:20-cv-24649-AMC

ELIE NEHME,
    Plaintiff,

vs.

FLORIDA INTERNATIONAL UNIVERSITY
BOARD OF TRUSTEES,
    Defendant.
_____/

## JOINT STATEMENT OF UNDISPTUED MATERIAL FACTS

Plaintiff and Defendant, by and through undersigned counsel, pursuant to this Court's Order [ECF No. 26], hereby file this Joint Statement of Undisputed Material Facts:

1. Plaintiff, 29-year old Elie Nehme, matriculated at FIU's Herbert Wertheim College of Medicine ("COM") on August 1,l 2016. Nehme deposition (hereinafter "Pl. depo."), p. 16/ln 1; p.. 20/ln 7-12.

2. FIU has a dedicated Disability Resource Center ("DRC") that assists students with documented disabilities to obtain reasonable accommodations. Loynaz Aff., ¶3. Steven Loynaz, Ph.D, Access Consultant Manager, serves as the liaison for the DRC and COM. *Id.*

3. FIU's clinical psychologist for the Medical Student Counseling and Wellness Center ("MSCWC"), Dr. Nathaly S. Desmarais, performed testing of Plaintiff to determine whether he qualified for any accommodations. Ex. 1, Pl. depo, p. 61/ln 1-9; p. 70/ln 23-24. On July 13, 2017, Dr. Desmarais sent a letter to the DRC providing Plaintiff's diagnosis of "Unspecified Anxiety Disorder" and "Attention-Deficit Hyperactivity Disorder". Ex.1, Pl depo, p. 62/ln 8-10.

4. On July 28, 2017, the DRC issued a memorandum to COM administrators indicating that Nehme was qualified and eligible for two accommodations on the basis of disability: "50% extra time on exams" and a "Minimal Distraction Testing Room". Pl depo, p. 63/ln 5-8.

5. Plaintiff had a second Medical Student Evaluation and Promotion Committee ("MSEPC") hearing on March 8, 2018 to discuss his failure of the Systems Based Practice course and a Professional Incident Report ("PIR") that had been filed against him.. Ex.3, Pl depo, p. 78, ln.

21-24. The MSEPC determined that despite serious concern with his academic performance, Plaintiff would be permitted to repeat P2, joining the class of 2021. Pl depo, p. 85/ln 13-21.

6. Beginning April 2, 2018, Nehme repeated P2. Pl depo, p. 89/ln 13-21.

7. Plaintiff failed the initial Psychiatry shelf exam on Monday, February 17, 2020. Pl depo, p. 94/ln 9-11.

8. On Monday, March 2, 2020, Nehme sat for the Psychiatry shelf exam retake in room AHC2 495. Pl depo, p. 96/ln 10-15; p. 95/ln 18-22.

9. Innah Lachica was the proctor assigned for Plaintiff's Psychiatry Shelf exam retake and recalled proctoring Plaintiff. Pl depo, p. 97/ln 11-12; Lachica depo, p. 110/ln 3-5, and p.191/ln 2-8. Plaintiff was the only student in the room for testing. Lachica depo, p. 168/ln 2-4.

10. Plaintiff failed the Psychiatry Shelf exam retake. Pl depo. P. 114/ln 16-19.

11. Following Plaintiff's failure of the Psychiatry Shelf exam retake and the Psychiatry Clerkship, FIU set a third MSEPC hearing for Plaintiff on April 9, 2020. Pl depo, p. 117/ln 7-18; p. 118/ln 15-18. p. 119/ln 8-15. During the hearing, Pl did not mention that the room he was assigned to for the Psychiatry shelf exam retake was not a minimally distractive room. Ex. 5, Pl depo, p. 131/ln 16-19. Instead, he stated that there was a fire in his neighbor's apartment on the morning of the psychiatry shelf exam retake which affected his performance. Ex. 5, Pl depo, p. 127/ln 8-17. His previous poor academic performance was also discussed at the hearing. Ex. 5, Pl depo, 2-22.

12. The MSEPC found that Nehme's academic performance continued to be of grave concern. Ex. 5, Pl depo, p. 133/ln 8-12. The MSEPC recommended that he be given the opportunity to voluntarily withdraw from medical school or be involuntarily withdrawn. Ex. 5, Pl depo, p. 140/ln 1-3.

13. Plaintiff appealed the MSEPC recommendation to the Appeals Committee. Ex.6, Pl depo, p. 141/ln 12-21; p. 140/ln 15-21. He again mentioned the fire affecting his performance on the Psychiatry Shelf Exam retake and his father's medical issues affecting his performance on the initial Surgery shelf exam. Ex. 6, Pl depo, p. 144-145/ln 24-3; p. 143/ln 19-25

14. Plaintiff also introduced new information relating to a car accident that occurred during the Family Medicine Clerkship that required numerous physical therapy sessions affecting his performance on the initial Family Medicine shelf exam. Ex. 6, Pl depo, p. 144/ln 1-18. He further introduced new evidence of a random drug test conducted one week prior to the

Psychiatry Shelf Exam retake adding unnecessary stress while studying for the exam. Ex. 6, Pl depo, pp. 147-148/ln 21-12. He added due process concerns such as the conduction of the MSEPC hearing over Zoom due to the pandemic rather than in person and the fact that Dr. Helen Tempest inappropriately acted as the Chair of the MSEPC during his hearing. Ex. 6, Pl depo, p. 143/ln 3-8.

15. On May 5, 2020, the Appeals Committee denied Plaintiff's appeal. Pl depo, p. 151/ln. 22-25. The MSEPC recommendations were adopted by the Appeals Committee and Dean Sackstein affirmed the decision. Ex. 7, Pl depo, p. 150/ln 14-17.

16. Plaintiff next appealed the Dean's determination to the Provost on May 15, 2020. Ex. 9, Pl depo, p. 150/ln 21-22; p. 170/ln 3-7. Plaintiff included that he was not properly accommodated for his Psychiatry Shelf exam retake in his appeal to the Provost's designee, Elizabeth Bejar, Ph.D., Senior Vice President for Academic and Student Affairs. Ex. 9, Pl depo, pp. 153 &154/ln 3-7 & 6-8; p. 171/ln 6-17. Dr. Bejar forwarded his appeal letter to the Office of Inclusion, Diversity, Equality, Access ("IDEA") to investigate his discrimination claims regarding his disability. Pl depo, p. 179/ln 6-13.

17. Plaintiff formally filed a disability discrimination complaint with IDEA. Ex. 8, Pl depo, p 153/ln 13-16. On August 25, 2020, the IDEA found, among other things, that Plaintiff's claims of "Lack of Accommodations for Readiness Assignments" and "Providing Non-Compliant Minimal Distraction Rooms" for his Psychiatry Shelf Exam retake were "substantiated". Pl depo, p. 175/ln 19-24.

18. On September 30, 2020, Dr. Bejar upheld the MSEPC decision to dismiss Plaintiff. Ex. 10, Pl depo, p. 177/ln 18-22. Dr. Bejar's letter to Plaintiff denying his appeal, among other things, stated: "Based upon a subsequent independent review by IDEA, there is no indication that your allegations had an adverse impact on your academic performance. Thus, your dismissal from HWCOM was the result of your academic performance. The remaining basis for your appeal are without merit. The determination of the College remains undisturbed." Ex. 10, Pl depo, p. 179/ln 14-20.

19. Plaintiff was involuntarily dismissed from the COM on October 16, 2020. Amended Complaint [ECF No.12], ¶¶ 6, 18; Defendants' Answer to Amended Complaint [ECF No. 43], ¶¶ 6, 18.

DATED: March 11, 2022

| | |
|---|---|
| RODERICK V. HANNAH P.A. | MARRERO & WYDLER |
| 4800 North Hiatus Road | 2600 Douglas Road, PH-4 |
| Sunrise, FL 33351 | Coral Gables, FL 33134 |
| (954) 362-3800 | (305) 446-5528 |
| (954) 513-5902 (fax) | (305) 446-0995 (fax) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| | |
| BY__/s/ Roderick V. Hannah_____ | BY__/s/ Lourdes Espino Wydler_____ |
|     RODERICK V. HANNAH |     OSCAR E. MARRERO |
|     FBN: 435384 |     FBN: 372714 |
|     rhannah@rhannahlaw.com |     oem@marrerolegal.com |
| |     LOURDES ESPINO WYDLER |
| |     FBN: 719811 |
| |     lew@marrerolegal.com |