# EXHIBIT L

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ELIE NEHME,

    PLAINTIFF,

-vs-                      CASE NO.: 1:20-CV-24649-CANNON

FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES,

    DEFENDANT.

ZOOM VIDEOCONFERENCE DEPOSITION OF
DR. NANCY ELIZABETH HAVAS

| | |
|---|---|
| TAKEN BY: | RODERICK V. HANNAH, ESQUIRE |
| DATE: | February 11th, 2022 |
| TIME: | 2:00 p.m. to 3:44 p.m. |
| PLACE: | Via Zoom |
| REPORTED BY: | Tanya M. Bookout, Court Reporter |

1   or false, any information?
2       A    Yes.
3            MS. WYDLER:  Objection.  Form.
4   BY MR. HANNAH:
5       Q    What is false or inaccurate; can you point that
6   out to me?
7       A    I am not a -- I was not a member of the MSEPC
8   Committee.  I believe that was in this report.
9       Q    It says in this paragraph that she is a part of
10  the MSEPC Committee --
11      A    Yes.
12      Q    -- with Dean Jones, right?
13      A    I am not a part of the committee.
14           I advised students, or I did advise students,
15  prior to appearing before the committee.
16      Q    Okay.  Maybe that's a typo because it's also
17  referring to another committee called the ADA Committee;
18  do you see that?
19      A    Yes.
20      Q    All right.  There is something separate that
21  was referred to as an ADA Committee that you are a part
22  of, correct?
23      A    Correct.
24      Q    You were on that committee with Dean Jones,
25  correct?

```
 1      A    Correct.
 2      Q    Just not -- you were not on the MSEPC
 3 Committee, though --
 4      A    Correct.
 5      Q    -- as stated here -- more or less Dean Jones,
 6 correct?
 7      A    Correct.
 8      Q    Okay.  All right.  Any other inaccuracies or
 9 false statements?
10           MS. WYDLER:  Objection.  Form.
11           THE WITNESS:  I believe there was one other
12      statement that's possibly farther down the document
13      that is incorrect.
14 BY MR. HANNAH:
15      Q    Can you -- let me see.  I don't know where you
16 were looking at.
17      A    Towards the bottom of this page or possibly the
18 next page.  Let me look.
19      Q    Okay.  I --
20      A    I think the -- number 1, I don't think I
21 advised him that he would not be allowed to continue in
22 medical school if he had other course failures, but that
23 is not my decision.
24           That is the decision of the MSEPC.  So under
25 number 1, that first paragraph implies that I would be
```

```
 1    on accommodations.
 2           So it was partly to reconcile the list of
 3    students who needed accommodations, also, to discuss any
 4    difficulties with providing accommodations, or to discuss
 5    anything else relevant to providing accommodations, or
 6    students who had disabilities.
 7        Q   Okay.  When was that committee created?
 8        A   Before I arrived at FIU.
 9            I was added to the committee when I joined --
10    when I joined FIU faculty.
11        Q   Okay.  I'm going to -- if you look on your
12    screen, this is part of your statement that's set forth
13    in the report.  See where it says the -- I guess it's the
14    second full paragraph:  According to Dr. Havas; do you
15    see that?
16        A   Uh-huh.
17        Q   Yes?
18        A   Yes.
19        Q   Okay.  It says here, According to Dr. Havas,
20    she is currently serving as the Chairperson of the ADA
21    Committee.  And the purpose of the committee is to serve
22    as an oversight of the HWCOM ADA process; did I read that
23    correctly?
24        A   Correct.
25        Q   Okay.  And that's an accurate statement, of
```