UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-24649-CIV-CANNON/OTAZO-REYES

ELIE NEHME,

    Plaintiff,

v.

FLORIDA INTERNATIONAL
UNIVERSITY BOARD OF TRUSTEES,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Florida International University Board of Trustees' ("Defendant" or "FIU") Motion for Summary Judgment [D.E. 57]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Aileen M. Cannon, United States District Judge [D.E. 73]. The undersigned held a hearing on this matter on July 6, 2022 ("Hearing") [D.E. 76]. For the reasons stated below, the undersigned respectfully recommends that Defendant's Motion for Summary Judgment [D.E. 57] be DENIED.

## PROCEDURAL BACKGROUND

Plaintiff Elie Nehme ("Plaintiff" or "Nehme"), a former student at FIU's Herbert Wertheim College of Medicine ("COM" or "HWCOM"), brings the following discrimination claims against FIU pursuant to Title II of the Americans with Disabilities Act ("ADA"):

    Count I - Failure to provide reasonable accommodations.

    Count II - Wrongful dismissal.

See Am. Compl. [D.E. 12 at 9–14].

Plaintiff alleges that he "has been medically diagnosed with and suffers from Attention

Deficit/Hyperactivity Disorder ('ADHD') and anxiety disorder, permanent medical conditions and impairments that substantially limited, and continue to limit, Plaintiff in, among other things, the major life activities of mental concentration, control over his thoughts, clear thinking, memory recall, and learning." Id. at 2. Plaintiff further alleges that, while a student at HWCOM, he was granted "the following reasonable accommodations: (1) 50% extra time to take his exams; and (2) provision of a minimal distraction room for him to take his tests and exams." Id. at 9–10. As the basis for his disability discrimination claims, Plaintiff alleges that he was denied the minimal distraction room accommodation at the time he remediated his failed third year Psychiatry Subject shelf exam and that, as a result, he also failed his exam retake and the Psychiatry clerkship and was involuntarily dismissed from HWCOM. Id. at 10.

Plaintiff seeks reinstatement as a third year HWCOM medical student or, in the alternative, an award of his projected lost future earnings as a physician; plus compensatory damages for the expenses he incurred in attending HWCOM and for "emotional distress, mental pain and anguish, humiliation, exacerbation of pre-existing medical and mental issues, and loss of dignity." Id. at 12, 14.

## STANDARD OF REVIEW

### I. Summary Judgment

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure (hereafter "Rule 56(a)") "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" Fonseca v. Wal-

Mart Stores, E., LP, No. 18-CV-62768, 2019 WL 7371813, at *2 (S.D. Fla. 2019) (quoting Anderson, 477 U.S. at 248).

The movant must support its assertion that there is no genuine dispute as to any material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A). When determining whether a genuine issue of material fact exists, courts "view all evidence and draw all reasonable inferences in favor of the non-moving party." Smith v. Royal Caribbean Cruises, Ltd., 620 F. App'x 727, 729 (11th Cir. 2015).

## II.     **Disability Discrimination**

The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "To establish a prima facie case of discrimination under the ADA, a plaintiff must show: (1) he is disabled; (2) he is a qualified individual; and (3) he was subjected to unlawful discrimination because of his disability." Holly v. Clairson Indus., L.L.C., 492 F.3d 1247, 1255–56 (11th Cir. 2007).

## FACTUAL SUMMARY

The following factual summary is derived from the parties' Statements of Fact [D.E. 56, 58, 64, 71], as clarified at the Hearing:

1.     Nehme started his medical studies at HWCOM in August 2016. The HWCOM curriculum consists of a four-year program divided into four periods. Nehme, like all HWCOM medical students, agreed to abide by the policies set forth in the HWCOM Medical Student

Handbook ("Handbook").

2. During his first year of medical studies ("Period 1"), Nehme initially failed the "Genes, Molecules, and Cells" final exam but he remediated the failure by retaking and passing the exam.

3. In May 2017, Nehme completed Period 1 and moved on to Period 2.

4. At the beginning of Period 2, Nehme failed the "Cardiovascular and Respiratory Systems" final exam, both initially and on retake.

5. In July 2017, Nehme underwent testing at FIU's Medical Student Counseling and Wellness Center ("MSCWC") to determine whether he qualified for disability accommodations and was diagnosed with "Unspecified Anxiety Disorder" and "Attention-Deficit Hyperactivity Disorder". As a result, on July 28, 2017, FIU's Disability Resource Center ("DRC") granted Nehme two accommodations on the basis of disability: "50% extra time on exams" and a "Minimal Distraction Testing Room".

6. Contemporaneously, on July 27, 2017, Plaintiff appeared for a hearing before the Medical Student Evaluation and Promotion Committee ("MSEPC"). At the hearing, Nehme advised the MSEPC that he believed he was having academic difficulties because of health issues and family problems and would benefit from being granted additional time.

7. About a week later, the MSEPC placed Nehme on "academic probation", because of the failure of two or more courses, including remediations, but allowed him to continue with the class of 2020 and retake the Cardiovascular and Respiratory Systems course with the class of 2021.

8. Nehme would remain on academic probation through the end of the academic period in which he was placed on probation and through the following academic period in

accordance with the Handbook. Specifically, by July 2017, Nehme was notified that any further course failure or continued poor academic performance would trigger review by the MSEPC with the possibility of adverse recommendations, including repeating an academic period or dismissal. Nehme did not exercise his right to appeal the MSEPC's determination.

9. On December 15, 2017, a Professional Incident Report ("PIR") was filed against Nehme on behalf of various professors regarding concern for multiple unexcused absences across courses, multiple requests to delay exams across courses, and a professionalism issue regarding a quiz in one course.

10. Thereafter, Nehme was granted a voluntary medical leave of absence ("LOA") from January 18, 2018, to April 2018.

11. On March 8, 2018, while on his LOA, Nehme had a second MSEPC hearing to discuss his prior failure of the "Systems Based Practice" course and the December 15, 2017, PIR. The MSEPC determined that Nehme would be permitted to repeat Period 2, thereby joining the class of 2021 as of April 2, 2018, upon his return from the LOA.

12. Nehme completed Period 2 and moved on to Period 3. He made no complaints about lack of accommodations during Period 2.

13. Nehme remained on academic probation during Period 3, which involves a rotation of core clinical clerkships in various areas of study. Nehme had either poor or failing shelf exam performances in Family Medicine, Surgery, Neurology and OB/GYN but, with allowed retakes, he passed all of these clerkships.

14. However, Nehme failed the Psychiatry clerkship. He failed the Psychiatry shelf exam on February 17, 2020. He also failed the shelf exam retake on March 2, 2020, which was proctored by Innah Lachica ("Proctor Lachica") in room AHC2 495.

15. On April 9, 2020, Nehme had a third MSEPC hearing. During the hearing, Nehme did not mention that Room AHC2 495 was not a minimally distractive room. Instead, he stated that there was a fire in his neighbor's apartment on the morning of the exam retake, which affected his performance. His previous poor academic performance was also discussed at the hearing.

16. The MSEPC found that Nehme's academic performance continued to be of grave concern and recommended that he be given the opportunity to voluntarily withdraw from medical school or be involuntarily withdrawn.

17. Nehme appealed the MSEPC recommendation to the Appeals Committee. He again mentioned the fire affecting his performance on the Psychiatry shelf exam retake and his father's medical issues affecting his performance on the initial Surgery shelf exam. Nehme also introduced new information relating to a car accident that occurred during the Family Medicine clerkship that required numerous physical therapy sessions affecting his performance on the initial Family Medicine shelf exam. He further introduced new evidence of a random drug test conducted one week prior to the Psychiatry shelf exam retake adding unnecessary stress while studying for the exam. He added due process concerns such as the conduction of the MSEPC hearing over Zoom due to the pandemic rather than in person and the fact that Dr. Helen Tempest inappropriately acted as the Chair of the MSEPC during his hearing.

18. On May 5, 2020, the Appeals Committee denied Nehme's appeal and adopted the MSEPC recommendations, which HWCOM's Dean Sackstein affirmed.

19. On May 15, 2020, Nehme appealed the Dean's determination to the Provost's designee, Elizabeth Bejar, Ph.D., Senior Vice President for Academic and Student Affairs ("Dr. Bejar"). In that appeal, Nehme included that he was not properly accommodated for his Psychiatry shelf exam retake. Dr. Bejar forwarded Nehme's appeal letter to FIU's Office of Inclusion,

Diversity, Equality, and Access ("IDEA") to investigate his discrimination claims regarding his disability.

20. Nehme formally filed a disability discrimination complaint with IDEA, which on August 25, 2020, found, among other things, that Nehme's claim of "Providing Non-Compliant Minimal Distraction Rooms" for his Psychiatry shelf exam retake was "substantiated".

21. Nevertheless, on September 30, 2020, Dr. Bejar upheld the MSEPC decision to dismiss Nehme. Dr. Bejar's letter to Plaintiff denying his appeal, among other things, stated: "Based upon a subsequent independent review by IDEA, there is no indication that your allegations had an adverse impact on your academic performance. Thus, your dismissal from HWCOM was the result of your academic performance. The remaining basis for your appeal are without merit. The determination of the College remains undisturbed." Thus, Nehme was involuntarily dismissed from HWCOM on October 16, 2020.

## **DISCUSSION**

FIU argues that it is entitled to summary judgment as to both of Nehme's disability discrimination claims for the following reasons. First, FIU contends that, as a threshold matter, Nehme cannot establish a prima facie case of disability discrimination because he cannot show that he was a "qualified individual" under the ADA. FIU further argues that Nehme's reasonable accommodation claim in connection with the Psychiatry shelf exam retake fails because he did not complain to Proctor Lachica at the time of the exam, did not raise the issue with the MSEPC or the Appeals Committee, and "waited two (2) months until after two (2) academic decisions had been made to notify FIU of the purported failure." See Motion for Summary Judgment [D.E. 57 at 3].[1] FIU also argues that Nehme's wrongful termination claim fails because FIU's academic

---

[1] In his Response in Opposition to the Motion for Summary Judgment ("Response"), Nehme acknowledged that any accommodation denials relating to class quizzes or readiness assignments had no impact on his

judgment of dismissal was "evidently based on [Nehme's] documented poor academic performance [and] should be given great deference." Id. Finally, FIU argues that Nehme's claim for compensatory damages is barred by the lack of evidence of deliberate indifference on the part of Dr. Bejar when she upheld the dismissal decision. The undersigned addresses each of these arguments in turn.

### 1. *Nehme's status as a "qualified individual" under the ADA.*

"In the context of postsecondary education, an otherwise qualified individual is a person who is able to meet the academic and technical standards requisite to admission or participation in the education program or activity." Zainulabeddin v. Univ. of S. Fla. Bd. of Trs., 749 F. App'x 776, 781 (11th Cir. 2018) (citation omitted). This requires a showing that the individual "can meet the essential eligibility requirements for participation in the program, either with or without reasonable accommodations." Redding v. Nova Se. Univ., Inc., 165 F. Supp. 3d 1274, 1290 (S.D. Fla. 2016). FIU relies for its contention that Nehme cannot make this required showing on: Nehme having been on academic probation during Periods 2 and 3; his "poor" performance in the Period 3 Family Medicine, Surgery, Neurology and OB/GYN clerkships (which he did pass); and his failure to pass the Period 3 Psychiatry clerkship. However, given Nehme's contention that his DRC-awarded accommodation was not provided for the Psychiatry shelf exam retake, which contention IDEA substantiated, it cannot be said as a matter of law that these factors preclude Nehme from showing that he could meet HWCOM's essential requirements "either with or without reasonable accommodations." Redding, 165 F. Supp. 3d at 1290. Therefore, FIU is not entitled to summary judgment based on this threshold issue.

---

medical school career at HWCOM. See Response [D.E. 65 at 7 n.4]. Therefore, any such predicate for Nehme's reasonable accommodation claim is deemed abandoned.

### 2. *Nehme's reasonable accommodation claim.*

FIU argues that it "cannot be liable where [Nehme] chose not to engage in [an] interactive process and any failure to accommodate was a result of a lack of notice provided by [Nehme]." <u>See</u> Motion for Summary Judgment [D.E. 57 at 9]. However, Nehme's failure to accommodate claim does not fail as a matter of law on the grounds that he raised it at the Provost appeal stage rather than during the exam retake or at the earlier proceedings before the MSEPC and the Appeals Committee. Indeed, given that Nehme's DRC accommodation had been awarded at the time of the exam retake, FIU had the "affirmative duty to reasonably accommodate the known physical or mental limitations of [Nehme as] an otherwise qualified person." <u>Forbes v. St. Thomas Univ., Inc.</u>, 768 F. Supp. 2d 1222, 1227 (S.D. Fla. 2010).

FIU also argues that it provided a "Minimal Distraction Testing Room" when it assigned Nehme to Room AHC2 495 for the Psychiatry shelf exam retake. However, an issue of fact in this regard has been created by IDEA's finding that Nehme's claim of "Providing Non-Compliant Minimal Distraction Rooms" for that exam was "substantiated". Therefore, FIU is not entitled to summary judgment as to Nehme's reasonable accommodation claim in Count I of the Amended Complaint.

### 3. *Nehme's wrongful dismissal claim.*

FIU argues that it is entitled to summary judgment on Nehme's wrongful dismissal claim given that "[U]niversity faculties must have the widest range of discretion in making judgments as to the academic performance of students and their entitlement to promotion or graduation." <u>Sirpal v. Univ. of Miami</u>, No. 09-22662-CIV, 2011 WL 3101791, at *14 (S.D. Fla. July 25, 2011) (citations omitted). FIU seeks application of this standard to Dr. Bejar's dismissal decision, wherein she concluded that "there [wa]s no indication that [Nehme's] allegations had an adverse

9

impact on [his] academic performance" and that his "dismissal from HWCOM was the result of [his] academic performance."

Dr. Bejar reached this decision notwithstanding IDEA's input substantiating Nehme's claim that he was not provided the DRC-awarded accommodation of a Minimal Distraction Room for the Psychiatry retake exam. As argued by Nehme,

> [Dr.] Bejar testified in deposition that, even though she had thoroughly reviewed both IDEA reports prior to making her final decision upholding Plaintiff's dismissal from COM, there was nothing in the IDEA reports that indicated COM's failure to provide Plaintiff with the required minimal distraction room adversely affected his performance on the Psychiatry shelf exam retake. This testimony, however, is contradicted not only by the IDEA's explicit findings to the contrary in its reports, but also by the testimony of [IDEA Director] McWhorter and [IDEA Investigator] Hall that [Dr.] Bejar's conclusion was inaccurate. Such testimonial contradictions, especially as they directly relate to [Dr.] Bejar's credibility in making the final dismissal decision, must be viewed in a light most favorable to Plaintiff, and establish triable issues of material fact as to [Dr.] Bejar's motives and intent in denying the appeal.

See Response [D.E. 65 at 14]. The undersigned concurs in this assessment of the record as precluding the issuance of judgment as a matter of law in favor of FIU as to Count II of the Amended Complaint, notwithstanding the deference due to academic decision. The contradictions in the record similarly preclude judgment as a matter of law as to Nehme's compensatory damages claim, which hinges on Dr. Bejar's alleged deliberate indifference to Nehme's rights under the ADA. Martin v. Halifax Healthcare Sys., Inc., 621 F. App'x 594, 604 (11th Cir. 2015).

## **RECOMMENDATION**

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion for Summary Judgment [D.E. 57] be DENIED.

The parties have **fourteen (14) days** from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable Aileen M. Cannon, United States District Judge. Failure to timely file objections shall bar the parties from

attacking on appeal the factual findings contained herein. See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 22nd day of August, 2022.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Aileen M. Cannon
Counsel of Record