UNITED STATES DISTRICT COURT
SOUTHERN DISTRCIT OF FLORIDA

CASE NO. 20-cv-24649-CANNON/Otazo-Reyes

ELIE NEHME,

    Plaintiff,

vs.

FLORIDA INTERNATIONAL UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.

_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION
### TO DEFENDANT'S MOTION TO TAX COSTS

Plaintiff ELIE NEHME ("Plaintiff"), through undersigned counsel and for his Response in Opposition to Defendant FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES' ("FIU") Motion to Tax Costs [ECF No. 94], states as follows:

### INTRODUCTION

Defendant has filed its Motion based on its current status as the prevailing party having convinced the District Court Judge to reject in its entirety the Magistrate Judge's August 22, 2022 Report and Recommendation in Plaintiff's favor [ECF No. 79] and to enter a summary final judgment of dismissal in Defendant's favor [ECF No. 91]. Plaintiff has timely filed his Notice of Appeal to the judgment and the case has since been transferred to the Eleventh Circuit Court of Appeals for briefing and ultimately for decision on whether the District Court's grant of summary final judgment was correct or in error.

Plaintiff generally is not opposed to the categories and amount of costs Defendant seeks in its Motion, provided that Defendant is in fact the "prevailing party" in this case. However, because of the pending appeal, Defendant's status as a prevailing party has not been finally decided and

1

may, in fact, be reversed. Consistent with applicable case law within this District as discussed below, this Court is authorized to exercise its discretion, and should exercise its discretion, to defer ruling on the pending Motion to Tax Costs pending the outcome of the appeal. Accordingly, Plaintiff requests that the Court enter an Order either denying Defendant's Motion to Tax Costs without prejudice for Defendant to refile it within a time certain should it prevail on appeal, or deferring ruling on the Motion pending the outcome of the appeal.

## ARGUMENT

Generally, the filing of a notice of appeal divests a district court of jurisdiction with respect to any matters involved in the appeal. *See Shivers v. Hill*, 205 Fed. Appx. 788, 789 (11th Cir. 2006). But the 1993 advisory committee notes to Fed. R. Civ. P. 54(d)(2), and well as applicable case law within this Circuit, provide that the Court has the discretion to entertain a motion for fees and/or costs, defer ruling on the motion, or deny the motions without prejudice to refile it after the conclusion of the appeal. *See* Fed. R. Civ. P. 54(d)(2) advisory committee's note ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."). *See also Rafferty v. Denny's Inc.,* No. 1:19-CV-24706-DLG, 2020 WL 9048743, at *1 (S.D. Fla. Oct. 30, 2020) (denying motion for bill of costs without prejudice and allowing the party to refile the motion after the resolution of the pending appeal); *Democratic Republic of the Congo v. Air Capital Grp., LLC*, No. 12-20607-CIV, 2014 WL 12634405, at *1 (S.D. Fla. May 8, 2014) (same); *Shapiro v. Wells Fargo Bank, N.A.*, No. 0:18-60250-CIV, 2019 WL 5291005, at *1 (S.D. Fla. June 13, 2019), *report and recommendation adopted* (denying without prejudice motion for attorney's fees and costs to be refiled after conclusion of appeal); *Liberty Mut. Fire Ins. Co. v. State Farm Florida Ins. Co.,* No.

15-20941-CIV-LENARD/GOODMAN, 2018 WL 9708621, at *2 (S.D. Fla. Sept. 5, 2018) (deferring further briefing and ruling on motion for fees and costs pending the outcome of appeal); *Fenyvesi v. Suncoast Motel and Apartments, Inc.*, No. 8:19-cv-3026-TPB-JSS, 2022 WL 2068648, at *2 (M.D. Fla. May 11, 2022) (denying without prejudice motion to tax costs pending outcome of appeal); *Hetrick v. Ideal Image Dev. Corp.*, No. 8:07-cv-871-T-33TBM, 2009 WL 1788376, at *1 (M.D. Fla. June 22, 2009) ("[t]he Court has discretion to deny a motion for attorney's fees and costs without prejudice to re-file after the appeal has concluded.").

In rendering these discretionary decisions, the courts have cited "judicial economy" and concerns over the "potential of having to repeat the fees and costs procedure following appeal and the desire to avoid piecemeal adjudication; that resolution is unlikely to assist the Court of Appeals; and that fees and costs issues are often resolved during appellate mediation." *Shapiro,* 2019 WL 5291005, at *1. *See also Rafferty*, 2020 WL 9048743, at *1 (citing *Shapiro*); *Liberty Mut.*, 2018 WL 9708621, at *2 ("Courts have deferred ruling on fees and costs motions pending appeal in the interests of judicial economy"; citing *Chavez v. Mercantil Commercebank, N.A.*, 10-CV-23244, 2012 WL 12861093, at *3 (S.D. Fla. Aug. 20, 2012) (denying fees and costs motions without prejudice because, "by deferring ruling, the Court conserves judicial resources")); *Hunters Run Property Owners Association, Inc. v. Centerline Real Estate, LLC,* No. 18-80407-CIV-REINHART, 2020 WL 2020 WL 9160867, at *1-2 (S.D. Fla. May 26, 2020) (same).

Based on these authorities, Plaintiff submits that this Court should exercise its discretion to either deny the Motion to Tax Costs without prejudice or defer ruling on the Motion pending the outcome of the appeal.

Moreover, deferring ruling or staying court decision on the Motion to Tax Costs pending the outcome of the appeal is also when applying the traditional analysis for an "unsecured" stay

3

pending appeal under Fed. R. Civ. P. 62. In that context, the proponent of an unsecured stay pending appeal has the burden of showing: (1) that it is likely to prevail on the merits of any appeal; (2) that it will suffer irreparable harm absent a stay or injunction; (3) that the other party will not suffer substantial harm if the stay or injunction is issued; and (4) that the stay or injunction is not adverse to the public interest. *Breedlove v. Hartford Life & Accident Ins., Co.*, No. 6:11-CV-991-ORL-28, 2013 WL 361825, at *1 (M.D. Fla. Jan. 30, 2013). Of these factors, the most important is the first one: the likelihood of success on the merits. *MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, No. 19-CIV-21583, 2022 WL 783203, at *1 n.1 (S.D. Fla. Mar. 14, 2022) ("Likelihood of success is the most important factor, although a stay may be granted upon a 'substantial case on the merits' when factors 2, 3, and 4 'weigh[ ] heaving [sic] in granting the stay.'" (quoting *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)).

Here, Plaintiff has both a substantial case on the merits and a likelihood of success on appeal as he initially prevailed against Defendant in securing Magistrate Judge Otazo-Reyes' Report and Recommendation that Defendant's Motion for Summary Judgment [ECF No. 57] be denied in its entirety as, based on the record evidence presented, triable issues of material fact existed. *See* Report and Recommendation, ECF No. 57. While the District Judge, on Defendant's objections, rejected the Magistrate Judge's findings and conclusions, she did so on only one central issue: whether Plaintiff was an "otherwise qualified" individual with a disability under the ADA. *See* Order Rejecting Report and Recommendation [ECF No. 79] and Granting Summary Judgment in Favor of Defendant, ECF No. 90, at pp. 9-12. The District Judge found that "Plaintiff was not able to meet the academic standards of HWCOM, with or without accommodations, even excluding the disputed Psychiatry retake exam." *Id.* at p. 9. The District Judge based her decision solely on a finding that Plaintiff failed to meet the FIU medical school's academic standards

4

because, in his Period 3, he received "a score below the 5th percentile on four of his initial clerkship shelf exams and two scores between the 5th-10th percentile range—even upon retake of the exams" and that, based on the medical school's student Handbook, this showed "poor academic performance" giving the medical school grounds to dismiss Plaintiff. *Id.* at p. 11.

However, in reaching this decision, the District Judge overlooked the other substantial record evidence – which obviously was not lost upon the Magistrate Judge -- that Plaintiff had overall performed well in all his Period 3 clerkships, passing the clerkships with excellent clinical scores and grades in the 80s, and showing a cumulative GPA throughout his medical school attendance of 82.62, which, per the same student Handbook, showed "competency" in his medical school performance. *See* Plaintiff's Response to Defendant's Objections to Magistrate Judge's Report and Recommendation on Defendant's Motion for Summary Judgment, ECF No. 85, at pp. 4-5.  Moreover, although the Handbook did provide that, "[i]n Period 3, failure of a clerkship or poor shelf exam performance, such as three shelf scores in the 5–10 percentile range, ***may*** also result in review by the MSEPC," the record evidence that was presented – i.e., what actually happened as opposed to a hypothetical situation -- showed that Plaintiff was not called before the MSEPC because of low shelf exam grades.  Rather, the record evidence showed that the ***sole*** event that triggered Plaintiff being called before the MSEPC was his failure of the Psychiatry final exam retake (and hence the Psychiatry clerkship) because he was, ***as FIU itself admitted***, not properly accommodated for his disability. *Id.* at pp. 3, 8.  *See also* Plaintiff's Statement of Disputed Material Facts, ECF No. 64, at ¶ 44 (referencing deposition testimony of Dr. Elizabeth Bejar, Adrian Jones, and Dr. Vivian Obeso).  The District Judge improperly took this actually occurring event that triggered Plaintiff being called before the MSEPC, totally ignoring its significance (and the other evidence of Plaintiff's "competency" in his Period 3 clerkships), and instead gave credence to the

speculative affidavit testimony of Dr. Vivian Obeso that Plaintiff "would likely have been called before the MSEPC" due to his final exam scores. *See* Order Rejecting Report and Recommendation, ECF No. 90, at p. 11. The District Judge hung her hat on this wholly speculative testimony, ignoring the substantial evidence of Plaintiff's overall "competency" as a medical student and the actual fact that he was called before the MSEPC solely because of his failure of the Psychiatry clerkship final retake, to find that Plaintiff was not an "otherwise qualified" individual with a disability for purposes of protection under the ADA. To the extent the Eleventh Circuit panel who hears Plaintiff's appeal focuses on the evidence of what ***actually*** occurred that resulted in Plaintiff being called before the MSEPC and then being dismissed, and further focuses on the evidence of Plaintiff's overall competency as a medical school student through Period 3 and up until his Psychiatry clerkship failure, Plaintiff stands a strong chance of success of having the District Judge's decision reversed on his appeal.

     As for the second and third stay factors -- that Plaintiff will suffer irreparable harm absent a stay and that Defendant will not suffer substantial harm if the stay is issued – Plaintiff's facing a monetary judgment against him that could very well be premature, and then having to face a collection action on that judgment that may be unnecessary, while not necessarily constituting "irreparable" harm certainly places a heavy financial burden on Plaintiff, an individual, that substantially outweighs any possible burden that would be placed on Defendant. Defendant is a large state educational institution that certainly has the financial resources to wait the outcome of the appeal before seeking to collect its taxable costs from Plaintiff should it eventually be deemed the prevailing party. The equities of the second and third stay factors thus weigh heavily in Plaintiff's favor and in favor of deferring ruling on Defendant's Motion.

As for the fourth stay factor -- that the stay would not be adverse to the public interest – this factor weighs heavily in Plaintiff's favor as no public interest whatsoever is involved in this case let alone at this stage of the proceedings, where Defendant's status as a prevailing party entitled to taxable costs is still up in the air.

Thus, even applying the traditional four factors for issuance of a stay pending appeal, Plaintiff is entitled to the Court deferring final decision on Defendant's Motion to Tax Costs until the outcome of the pending appeal on the merits of the case. Accordingly, this Court should view the equities of the situation in Plaintiff's favor and either defer ruling on the Motion to Tax Costs until the outcome of the appeal or deny the Motion without prejudice with Defendant being given leave to refile the Motion after the outcome of the appeal should it still be the prevailing party.

Respectfully submitted,

    RODERICK V. HANNAH, ESQ., P.A.
    Attorneys for Plaintiff
    4800 N. Hiatus Road
    Sunrise, Florida 33351
    Telephone: (954) 362-3800
    Facsimile: (954) 362-3779
    Email: rhannah@rhannahlaw.com


By   /s/ *Roderick V. Hannah*
    Roderick V. Hannah
    Fla. Bar No. 435384

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of December, 2022, a true and correct of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below:

Lourdes E. Wydler, Esq.
Email: lew@marrerolegal.com
MARRERO & WYDLER
2600 Douglas Road, PH-4
Coral Gables, FL 33134
(305) 446-5528
(305) 446-0995 (fax)

*Attorneys for Defendant FIU BOT*

                                                      /s/ *Roderick V. Hannah*
                                                          Roderick V. Hannah