UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-24649-AMC

ELIE NEHME,

    Plaintiff,

vs.

FLORIDA INTERNATIONAL UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.
_____/

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TAX COSTS

Defendant, FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES ("FIU"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 54, and Southern District of Florida Rule 7.3, hereby files its Reply to Plaintiff's Response in Opposition to Defendant's Motion to Tax Costs, and in support thereof states:

1. This is a civil rights action alleging discrimination on the basis of disability for wrongful dismissal and failure to provide reasonable accommodations in which FIU was granted summary judgment on all counts of Plaintiff's Amended Complaint. [ECF No. 90]. A Final Judgment was subsequently filed by the Court. [ECF No. 91].

2. FIU, as the prevailing party in this lawsuit, is entitled to recover from Plaintiff all costs as set forth in its Motion to Tax Costs (ECF No. 94) in the amount of $10,850.43. Notably, in his Response in Opposition to Defendant's Motion to Tax Costs (the "Response") (ECF No. 100), **Plaintiff conceded that he is "not opposed to the categories and amount of costs Defendant seeks in its Motion"** (*See* ECF No. 100 at p. 1); rather, Plaintiff generally objected to FIU's

Motion on the basis that this Court was divested of jurisdiction upon Plaintiff's filing of an appeal as to the Court's Order granting summary judgment in favor of FIU.

3. Despite Plaintiff's argument to the contrary, this Court has not been divested of its jurisdiction to award costs in favor of FIU. Plaintiff cites to various case law where courts have chosen to defer ruling on such motions as an exercise of the court's discretion. [*See* ECF No. 100 at pp. 2-3]. However, an exercise of discretion does not support Plaintiff's contention that a court is divested of its jurisdiction. In fact, it is well settled that an appeal by a party does not preclude the prevailing party from filing a motion to tax costs and having same entered in his or her favor. *MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, 19-21583-CIV, 2021 WL 6926415, at *2 (S.D. Fla. Sept. 28, 2021), report and recommendation adopted, 19-CIV-21583, 2022 WL 783203 (S.D. Fla. Mar. 14, 2022) ("It is well settled in this circuit that costs may be taxed after a notice of appeal has been filed.").

4. Although district courts have deferred or stayed certain fee or cost motions, "it has only done so where a very substantial possibility of success existed or the case presented very unique circumstances." *Id.* at *3. Plaintiff argues that he has "both a substantial case on the merits and a likelihood of success on appeal as he initially prevailed against Defendant in securing Magistrate Judge Otazo-Reyes' Report and Recommendation that Defendant's Motion for Summary Judgment be denied." [*See* ECF No. 100 at p. 4]. However, Plaintiff failed to cite any authority, nor could he, in support of his position that a magistrate report and recommendation in his favor suggests that he is likely to succeed on the merits.

5. In the instant matter, FIU had all claims in this Court resolved in its favor, which is the very definition of a prevailing party, regardless of Plaintiff's pending appeal. As such, FIU's Motion to Tax Costs is both proper and timely despite the pending appeal, and this Court is not

divested of its jurisdiction over the present matter. The Court, in its discretion, may rule on this motion.

6. In addition, rather than address the merits of Defendant's motion, Plaintiff attempts to reargue the merits of the case in his Response. [*See* ECF No. 100 at pp. 4-6]. Plaintiff's attempt to reargue the merits of the case is improper. *See Charnley v. Town of S. Palm Beach*, 9:13-CV-81203, 2015 WL 12999751, at *4 (S.D. Fla. Nov. 20, 2015), report and recommendation adopted, 9:13-CV-81203, 2015 WL 12999752 (S.D. Fla. Dec. 9, 2015) ("Plaintiff squandered her opportunity to respond to the substance of Defendants' motions for attorneys' fees and costs, instead opting to reargue the merits of her underlying claims."); *Bush v. Raytheon Co.*, 8:07-CV-2087-T-24AEP, 2011 WL 1336386, at *3 (M.D. Fla. Apr. 7, 2011).

7. Lastly, Plaintiff suggests a stay pending appeal. [*See* ECF No. 100 at pp. 3-4]. If Plaintiff wishes to obtain a stay of the execution or enforcement of the judgment in FIU's favor pending appeal, he may seek a stay pursuant to the specific outlines set forth in the Federal Rules of Civil Procedure, as well as the Local Rules, which specifically outline how a party may obtain a stay while appealing a District Court's judgment or order.

## **MEMORANDUM OF LAW**

Plaintiff argued in his Response that this Court was divested of jurisdiction as a result of his filing an appeal as to the Court's granting summary judgment in favor of FIU. [ECF No. 100 at p. 2]. Despite Plaintiff's contention to the contrary, this Court was not divested of jurisdiction upon Plaintiff's filing of an appeal. Federal Rule of Civil Procedure 54(d)(1) provides that "unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party."

Courts have specifically held that an appeal by a party does not preclude the prevailing party from filing a motion to tax costs and having same entered in his or her favor. *See Fodor v. D'Isernia*, 599 Fed. Appx. 375, 376 (11th Cir. 2015) (affirming district court's denial of plaintiff's motion arguing defendant was not yet "prevailing party" because of pending summary judgment appeal); *Hermosilla v. Coca-Cola Co.*, 10-21418-CIV, 2011 WL 9364952, at *17 (S.D. Fla. July 15, 2011), subsequently aff'd, 492 Fed. Appx. 73 (11th Cir. 2012) ("To simply stay that entitlement determination because an appeal is pending is tantamount to an unsecured stay of a monetary judgment that the prevailing party is entitled to."); *MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, 19-21583-CIV, 2021 WL 6926415, at *3 (S.D. Fla. Sept. 28, 2021), report and recommendation adopted, 19-CIV-21583, 2022 WL 783203 (S.D. Fla. Mar. 14, 2022) (granting defendant's motion for costs and denying to delay resolution of the motion solely on the basis of the pending appeal); *Corines v. Broward Cnty. Sheriff's Office*, 05-61115-CIV, 2009 WL 790140, at *2 (S.D. Fla. Mar. 24, 2009) (proceeding on a motion for taxation of costs even while a substantive appeal is pending in light of conclusion that "[a]lthough the case is on appeal, the defendants who prevailed on summary judgment are, for now, are prevailing parties."); *Goebert v. Scott*, 204CV505FTM29DNF, 2006 WL 8438821, at *1 (M.D. Fla. Jan. 26, 2006) (finding defendants, whose summary judgment motions were granted, to be prevailing parties for the purposes of Fed. R. Civ. P. 54 despite pending appeal remaining in the Eleventh Circuit Court of Appeals); *see also Hoeller v. Eaton Corp.*, 149 F.3d 621, 626 (7th Cir. 1998) (finding former employer was "prevailing party" entitled to award of costs after district court entered summary judgment in its favor, despite pending appeal by former employee, in former employee's action against his former employer for violation of ADA and wrongful discharge.).

WHEREFORE, based upon the foregoing, the Defendant, FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES, requests this Honorable Court enter an Order granting costs.

I HEREBY CERTIFY that on this 22nd day of December, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        MARRERO & WYDLER
        *Attorneys for Defendant*
        2600 Douglas Road, PH-4
        Coral Gables, FL 33134
        (305) 446-5528
        (305) 446-0995 (fax)


        BY  \_/s/  Lourdes Espino Wydler_____
          OSCAR E. MARRERO
          F.B.N.:  372714
          oem@marrerolegal.com
          LOURDES E. WYDLER
          F.B.N.:  719811
          lew@marrerolegal.com
          LAUREN D. MARTIN
          F.B.N.:1034166
          ldm@marrerolegal.com

## SERVICE LIST

Roderick V. Hannah, Esq.
4800 North Hiatus Road
Sunrise FL 33351-7919
(954) 362-3800
(954) 613-5902 (fax)
FBN:  435384
rhannah@rhannahlaw.com
rvhannah@gmail.com
kflynn@rhannahlaw.com
*Attorney for Plaintiff*